FIRST NATIONAL BANK OF COLUMBUS, OHIO, *v.*
LOUISIANA HIGHWAY COMMISSION ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 509. Motion to affirm submitted November 26, 1923.—Decided
March 17, 1924.

An allegation of a bill in the District Court that the amount involved
exceeds $3,000.00, exclusive of interest and costs, is not enough to
show jurisdiction in that regard, when the other allegations do not
tend to support, but contradict, the claim.   P. 310.

Affirmed.

ON motion to affirm a decree of the District Court,
dismissing a bill for want of jurisdiction.

*Mr. W. M. Barrow,* for appellees, in support of the
motion to affirm. *Mr. George Seth Guion,* Assistant
Attorney General of the State of Louisiana, was also on
the brief.

No brief filed for appellant.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Jurisdiction was invoked solely on the ground of diver-
sity of citizenship.   The District Court held that the
required amount, $3,000, was not involved, and for that
reason dismissed the case.   Appeal was taken under § 238
of the Judicial Code.   The appellees move to affirm under
§ 5 of Rule 6.

The complaint alleges that the appellant is the holder
of real estate and a taxpayer in the Parish of Jefferson,
Louisiana; that in 1919 state highway bonds were sold to
provide funds for the construction of certain highways,
one of which was to extend from Hammond to New
Orleans approximately paralleling the Illinois Central
Railroad through the Parishes of Tangipahoa, St. John

the Baptist, St. Charles, and Jefferson to the line of Orleans Parish; that, in violation of law, contracts were let for partial construction of a portion of this highway on a route different from that fixed by law, and that some of the proceeds of the bond issue have been set aside for that purpose; that it is the intention of the Highway Commission forever to abandon construction of a part of the prescribed highway, and it is averred that such abandonment and the diversion and exhaustion of the highway fund will cause irreparable injury to the appellant, impair the contractual obligation with the bondholders, violate appellant's rights as a property holder and taxpayer, and that the amount involved exceeds the sum of $3,000, exclusive of interest and costs. The prayer is that appellees be enjoined from paying the contractor and from paying out the money on any contract not let according to law.

Appellant applied for a temporary injunction. In support of its application, it filed an affidavit of its attorney, stating that the location of the Hammond-New Orleans highway according to law would enhance the property of appellant more than $5,000, and that the exhaustion of the fund would damage appellant in a sum exceeding $5,000. It also filed an affidavit of a resident of the Parish of Jefferson, stating that appellant is the owner of 1400 acres of land situated in the Fourth Drainage District of that parish, and that the drainage tax for the district is $3.50 an acre per year in addition to other taxes.

It is not alleged that the appellant or its property has been or will be subjected to any tax to pay the bonds or to pay any part of the cost of the highway, or that it is the holder of any of the bonds, or that the construction of the highway on the route designated in the contracts will damage its property. The attorney's affidavit does not strengthen the naked conclusion alleged in the com-

plaint. The statements in the other affidavit have no relevancy to the question of jurisdiction.

It must appear on the face of the complaint or otherwise from the proofs that the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. *Pinel* v. *Pinel,* 240 U. S. 594, 597. The value of the object to be gained is the test of the amount involved. *Western & Atlantic Railroad* v. *Railroad Commission,* 261 U. S. 264, 267; *Glenwood Light Co.* v. *Mutual Light Co.,* 239 U. S. 121, 125; *Berryman* v. *Whitman College,* 222 U. S. 334, 345; *Bitterman* v. *Louisville & Nashville R. R. Co.,* 207 U. S. 205, 225; *Hunt* v. *New York Cotton Exchange,* 205 U. S. 322, 336. The mere assertion that more than the required amount is involved is not enough where, as in this case, the facts alleged do not even tend to support the claim. There is nothing to indicate that the matter sought to be enjoined would be of any pecuniary detriment to the appellant or would in any way detract from the value of its property. Indeed, it affirmatively appears that the requisite amount or value is not involved. See *Lion Bonding Co.* v. *Karatz,* 262 U. S. 77, 86. No argument is required to show that the facts set forth in the complaint and affidavits fail to support jurisdiction. Appellees' motion to affirm must be granted.

*Judgment affirmed.*