## WRIGHT v. MUTUAL LIFE INS. CO. OF NEW YORK.

(District Court, M. D. Alabama, N. D., at Montgomery. February 12, 1925.)

**1. Courts ⬤⟞328(9)—Matter in controversy must exceed $3,000 to confer federal jurisdiction on ground of diverse citizenship.**

It must appear on face of complaint, or otherwise from proof, that matter in controversy exceeds, exclusive of interests and costs, sum or value of $3,000, to confer jurisdiction on federal court on ground of diverse citizenship.

**2. Courts ⬤⟞328(2)—Amount involved held within jurisdiction of court.**

Suit against insurance company for installments amounting to $420, due under policy providing for payment in monthly installments totaling more than $3,000, *held* to involve sum in excess of $3,000, and was within jurisdiction of federal court on ground of diverse citizenship.

At Law. Action by Edgar M. Wright, as guardian of Nettie T. Henderson, a minor, against the Mutual Life Insurance Company of New York. On plaintiff's motion to remand case to state court. Motion denied.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, Ala., and Wilkerson & Brannen, of Troy, Ala., for plaintiff.

Bradley, Baldwin, All & White and William Douglas Arant, all of Birmingham, Ala., for defendant.

CLAYTON, District Judge. The plaintiff, a citizen of Alabama, brought this suit in the circuit court of Pike county, Ala., against the defendant, a New York corporation, to recover installments claimed under a policy of insurance issued by the defendant. A copy of such policy is a part of the record before me.

The first and second counts of the complaint are the common counts, for $420 due on the policy of insurance; the third claims the same sum to be due as the first seven installments on a monthly income of $60, which the defendant by the policy agreed to pay over a period of years. The record and the policy show that the total of all of said monthly installments would exceed the sum or value of $3,000.

The summons and complaint was served "on Mrs. Bettie M. Boyd, known to me [the sheriff], to be the agent of the within named defendant, Mutual Life Insurance Company of New York, this the 14th day of March, 1924. W. C. Carroll, Sheriff." It does not seem that whether proper service was made upon the defendant need be considered, although section 9421 of the 1923 Code of Alabama permits service to be made upon any agent of a corporation. However, this is a matter that can be cured, if necessary, by another summons.

Claiming that the aggregate amount of the policy, which exceeds $3,000, determined the amount in controversy, the defendant filed its petition for removal on the ground of diversity of citizenship. The plaintiff's motion to remand is based upon the contention that the amount in controversy does not exceed the sum or value of $3,000, but is only $420. This presents the important question: Is the sum or value in controversy over $3,000, exclusive of interest and costs? I have not found any case where the exact question as to the jurisdictional amount presented here has been decided, but the controlling principles are well established and must be applied to the facts of the instant case.

[1] It is well settled that it must appear on the face of the complaint, or otherwise from the proof, that the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. First Nat. Bank v. La. Highway Comm., 264 U. S. 308, 310, 44 S. Ct. 340, 68 L. Ed. 701, and cases cited.

[2] Let us see, under the facts of the instant case, what the object to be gained is, and then apply this test to ascertain the amount involved. Here the complaint seeks to adjudicate the liability of the defendant under the policy, and not merely its liability for certain installments; for, necessarily, the double liability of the defendant for future installments aggregating more than $3,000 is involved. This case is different from Elgin v. Marshall, 106 U. S. 578, 1 S. Ct. 484, 27 L. Ed. 249. That suit was for $1,660.75, the amount due upon certain coupons or interest warrants detached from the bonds. And it is to be observed that the bonds and the coupons thereto were negotiable; and, non constat, subsequently accruing coupons might have fallen into the hands of other parties, and the result of the litigation in that case would not necessarily be conclusive against third parties. The unavoidable effect of the successful prosecution of this suit in the state court must be considered.

Manifestly, if the plaintiff should establish in the form of the judgment the right of double indemnity on account of the installments past due, he could do the same

in each and every one of the future installments, and by this retail process prevent the defendant from denying in subsequent action the double liability, and also defeat the right of the defendant to invoke the jurisdiction of the federal court, where the policy purports a liability of more than $3,000, exclusive of interest and costs. It is the actual matter in dispute, the value of the rights involved, that is controlling. The value of the object to be gained is the test of the amount involved. First National Bank v. La. Highway Comm., supra, where W. & A. R. Co. v. R. R. Comm., 261 U. S. 264, 267, 43 S. Ct. 252, 67 L. Ed. 645, and numerous other cases are cited.

Judge Walker of this (Fifth) circuit, speaking for the court in Mass. Protective Ass'n v. Kittles, 2 F. (2d) 211, 212, said: "As the maintenance of the rights asserted by the bill would involve the recovery by the appellant of the principal sum of $1,400, the defeat of asserted claims against it for sums amounting, exclusive of interest and costs, to considerably more than $1,500, and exemption of the appellant from a contingent liability for amounts in excess of $5,000, the matter in controversy must be regarded as exceeding, exclusive of interest and costs, the sum or value of $3,000"—citing Berryman v. Whitman College, 222 U. S. 334, 32 S. Ct. 147, 56 L. Ed. 225.

Motion to remand is denied.