HEALY, Chief of Police, v. RATTA.
No. 2823.

Circuit Court of Appeals, First Circuit.
Nov. 10, 1933.

Francis W. Johnston, Atty. Gen., and H. Thornton Lorimer, Asst. Atty. Gen., for appellant.

Jonathan Piper, of Concord, N. H. (Demond, Woodworth, Sulloway & Rogers, of Concord, N. H., on the brief), for appellee.

Charles E. Kelley, of New York City, amicus curiæ for National Publishers' Ass'n.

Before WILSON, MORTON, and ANDERSON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from a decree entered in the District Court of New Hampshire permanently enjoining the appellant as chief of police of the city of Manchester, N. H., from enforcing the provisions of chapter 102 of the Public Laws of New Hampshire approved April 14, 1931, entitled "An Act relating to Hawkers and Peddlers."

The appellee is a resident of Springfield, Mass. His business is that of a distributor of vacuum cleaners under a contract with a concern known as the Air-Way Sanitary System. His territory consists of New Hampshire, Vermont, and the western part of Massachusetts. In conducting his business in New Hampshire prior to the enactment of chapter 102 of the Public Laws of 1931, he employed agents who traveled from house to house, and in case of sale delivered the article at the time of sale.

The chief of police of Manchester, following the passage of the Hawkers' and Peddlers' Act of 1931, notified the appellee that under such a method of transacting his business it was necessary for the agents of the appellee to take out a license, and upon failure to do so an agent would be liable to arrest and a fine of $200.

In November, 1931, the appellee filed his bill in equity seeking to restrain the appellant, as chief of police, from enforcing the provisions of the statute on the ground that it violated the provisions of section 2 of article 4 and section 1 of article 14 of the Amendments to Federal Constitution.

The provisions of the act alleged to render the act void as in violation of the provisions of the Federal Constitution are as follows:

"2. Prohibition; Penalty. No hawker or peddler shall sell or barter or carry for sale or barter, or expose therefor, any goods, wares or merchandise, unless he holds a license so to do as herein provided. Any person violating this section shall be fined not more than two hundred dollars, to be equally divided between the state and the town in which the offense was committed. Such sums as may be paid into the state treasury as penalties shall be credited to the secretary of state for his use in the enforcement of this chapter.

"3. Exceptions. The provisions of this chapter relating to hawkers and peddlers shall not apply to wholesalers or jobbers selling to dealers only, nor to commercial agents or other persons selling by sample, lists, or catalogues, nor to any person selling provisions, agricultural implements, fruit trees, vines, shrubs, books, newspapers, pamphlets, the products of his own labor or the labor of his family and the product of his own farm or the one which he tills, the manufacturers of furniture and ladders excepted."

"11. Persons Exempt. Any soldier or sailor disabled in any war in which the United States has been engaged, or by sickness or disability contracted therein or since his discharge from the service because of such service, and the widow of any such soldier or

556

sailor so long as she remains unmarried, or any citizen of this state over seventy years of age, shall be exempt from paying the license fees required by this chapter."

Since the bill originally contained a prayer for a temporary injunction, it presented a case for invoking a statutory court, so called, under section 266 of the Judicial Code (28 USCA § 380). Before the hearing, however, the prayer for a temporary injunction was waived; but the case was finally heard by the district judge of New Hampshire, together with a judge of the Circuit Court of Appeals and an additional 'district judge, as though it were a proper case for hearing by a statutory court.

On an appeal to the Supreme Court under section 266 of the Judicial Code, it was pointed out that the Supreme Court had no jurisdiction since the prayer for a temporary injunction was waived. Healy v. Ratta, 289 U. S. 701, 53 S. Ct. 522, 77 L. Ed. 1459.

Prior to the decision of the Supreme Court, however, the appellant filed a petition for appeal to this court, which had been allowed, presumably by the district judge of New Hampshire.

The opinion of the court, though drawn by the additional district judge, was joined in by the district judge of New Hampshire, and the judgment of the District Court was signed by all three judges hearing the case.

In the defendant's assignment of errors on appeal to this court, he assigned as error the establishment of a statutory court under section 266 of the Judicial Code, and that it erred in entering a decree of permanent injunction against the defendant. In his brief and argument before this court, however, he did not press the assignment of error that a statutory court had no jurisdiction in the premises, and relied only on the following assignment of errors:

"1. The court erred in refusing to grant respondent's motion to dismiss the bill in equity because the complainant has a. plain, adequate and complete remedy at law.

"2. The court erred in refusing to grant respondent's motion to dismiss the bill in equity because the value of the subject matter in controversy does not exceed the sum of three thousand dollars.

"3. The court erred in refusing to grant respondent's motion to dismiss the bill in equity because of a want of jurisdiction in equity.

"4. The court erred in holding that the statute of the state of New Hampshire enact-

ed April 14, 1931, entitled 'An Act Relating to Hawkers and Peddlers' is in entirety in contravention of the Constitution of the United States, especially of article 4, § 2 and of the Fourteenth Amendment to said Constitution and therefore is in entirety unconstitutional and void.

"5. The court erred in holding that subsection 3 of said act is in contravention of the Constitution of the United States, especially of section 1 of the Fourteenth Amendment to said Constitution.

"6. The court erred in holding that subsection 11 of said act is in contravention of the Constitution of the United States, especially of article 4, § 2 and of section 1 of the Fourteenth Amendment to said Constitution.

"7. The court erred in entering the decree of injunction against respondent."

■ It has been held in such instances that the joining of the two additional judges in a decree does not render the judgment void. Cannonball Transportation Co. v. American Stages, Inc. et al. (D. C.) 53 F.(2d) 1050. By waiving his assignment of errors relating to the lack of jurisdiction in the statutory court, we think the appellant must be held to have accepted the judgment as though rendered by the District Judge of New Hampshire and as unaffected by the unnecessary joinder of the two additional judges.

The assignment of errors relied upon may be grouped under three heads: (1) The necessary jurisdictional amount was not involved; (2) the case presents no ground for equitable relief; and (3) that the New Hampshire statute did not violate section 2 of article 4, or section 1 of the Fourteenth Amendment to the Federal Constitution.

■■ The necessary jurisdictional amount is alleged, and we think it sufficiently appears that it is involved. It is not necessary that it appear that the appellee is required to pay the jurisdictional amount annually in license fees; nor do we think it necessary in this case to capitalize the annual license fees in order to fulfill the jurisdictional requirement. The appellee claims the right to conduct his business free from wrongful interference by the appellant, and seeks the protection of that right now and in the future. It is the value of the object to be gained that is the test of the amount involved. Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co., 239 U. S. 121, 126, 36 S. Ct. 30, 60 L. Ed. 174; First National Bank of Columbus, Ohio v. Louisiana Highway Commission et al.,

264 U. S. 308, 310, 44 S. Ct. 340, 68 L. Ed. 701; Hunt v. New York Cotton Exchange, 205 U. S. 322, 336, 27 S. Ct. 529, 51 L. Ed. 821.

The evidence disclosed that prior to 1931 the gross sales of the appellee in New Hampshire were nearly $90,000, which were larger than in all the rest of the territory assigned to him, and that his net profits in 1930 in the entire territory were over $11,000. Following the enactment of the New Hampshire Hawkers' and Peddlers' law, his profits fell off, and his business throughout the entire territory showed a loss. While it is not possible to determine from the record to what extent the falling off was due to the different method required in transacting his business in order to conform to the act of 1931, the appellee testified that to comply with the law would entail much additional expense and would result in conducting his business at a loss.

It is not necessary, however, for him to wait until the value of his right reaches the jurisdictional amount, if it has not already done so. Scott v. Donald, 165 U. S. 107, 115, 17 S. Ct. 262, 41 L. Ed. 648; Hunt v. New York Cotton Exchange, supra, at page 336 of 205 U. S., 27 S. Ct. 529, 51 L. Ed. 821.

While it is a general rule that equity will not enjoin the enforcement of criminal laws, it will do so when property rights are involved and are jeopardized by the enforcement of an unconstitutional law, unless the complainant has a clear, adequate remedy at law.

By reason of the effect a compliance with the statute has had upon his business, we think he has no adequate remedy at law and is entitled to equitable relief. It is urged that his agents could pay the license fees under protest and in an action at law recover them back if the statute is void; but it appears from the undisputed evidence that he cannot find agents or salesmen, many of those applying being inexperienced in this kind of business, who will undertake such employment if obliged to pay an annual fee of $50; and as a result the appellee would be obliged to pay the fees for all his salesmen in New Hampshire. With the changes in salesmen, owing to the nature of the business, due to unfitness or inexperience, an enforcement of this law would inevitably result in conducting such business at a loss, as it has already done. If he recovered the license fees paid, it would not adequately compensate him for the losses sustained in the meantime in complying with the law.

It is also urged that the appellee could invoke the declaratory law of New Hampshire and obtain a judgment as to the validity of the law. Faulkner v. City of Keene, 85 N. H. 147, 155 A. 195. Whether such an action would be full and complete, or can be termed an adequate remedy at law which will bar a proceeding in equity, is doubtful. At least, no such remedy was available to the complainant in the federal courts. Liberty Warehouse Co. v. Grannis, 273 U. S. 70, 74, 47 S. Ct. 282, 71 L. Ed. 541; and section 267 of the Judicial Code (28 USCA § 384) has reference to the adequacy of the remedy on the law side in the federal courts; Smyth v. Ames, 169 U. S. 466, 516, 18 S. Ct. 418, 42 L. Ed. 819; Chicago, B. & Q. Railroad Co. v. Osborne, 265 U. S. 14, 16, 44 S. Ct. 431, 68 L. Ed. 878; Risty v. Chicago, R. I. & Pac. Ry. Co., 270 U. S. 378, 388, 46 S. Ct. 236, 70 L. Ed. 641; Henrietta Mills v. Rutherford County, 281 U. S. 121, 126, 50 S. Ct. 270, 74 L. Ed. 737.

It is virtually conceded by counsel for the appellant that section 11, exempting citizens of New Hampshire over 70 years of age from paying any license fees, violates section 1 of article 14 of the Amendments to Federal Constitution. If this were the only unconstitutional provision, it might not affect the entire act. Section 3 of the act, however, contains so many discriminatory provisions and unreasonable classifications that clearly deny the complainant equal protection under the law and deprive him of equal privileges with venders of other articles of merchandise, and so vitally affect the entire act that we think the act as a whole must fall. Terrace et al. v. Thompson, 263 U. S. 197, 214, 215, 44 S. Ct. 15, 68 L. Ed. 255; Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596; Truax v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283; Real Silk Mills v. Portland, 268 U. S. 325, 45 S. Ct. 525, 69 L. Ed. 982.

The act cannot be sustained as imposing an excise tax as the New Hampshire Constitution does not authorize this form of taxation. State v. U. S. & Canada Express Co., 60 N. H. 219. It can only be sustained as an exercise of the police powers to safeguard the public health, safety, morals, or to promote the general welfare.

A statute that permits one to sell household articles from house to house by sample, but not to deliver at time of sale without a license; to sell and deliver at the time of sale fruit trees, vines, and shrubs without a li-

cense, but not evergreen trees, shade trees, strawberry plants, or rhubarb or asparagus roots; which permits a farmer to peddle without a license the fruit he raises, while one who does not raise them may not; which permits a manufacturer to sell without a license some articles of household use, but not furniture; which permits the sale of provisions, but not of shoes, brushes, combs, needles, or thread, unless the product of the salesman's own labor; which permits the sale of books, newspapers, and pamphlets, but not of magazines; which permits without a license the sale from house to house of hoes, shovels, scythes, or rakes for the farmer, but not a vacuum cleaner for the housewife—cannot be sustained as promoting the health, safety, morals, or welfare of the public, and clearly deprives the complainant of his constitutional rights and privileges secured to him under article 4 and the Fourteenth Amendment of the Federal Constitution. Truax v. Raich, supra, at page 41 of 239 U. S., 36 S. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283; Connolly v. Union Sewer Pipe Co., 184 U. S. 540, 551, 22 S. Ct. 431, 46 L. Ed. 679; Gulf, Colorado & Santa Fe Ry. v. Ellis, 165 U. S. 150, 155, 17 S. Ct. 255, 41 L. Ed. 666; Home Tel. & Tel. Co. v. City of Los Angeles, 227 U. S. 278, 33 S. Ct. 312, 57 L. Ed. 510; Bliss's Petition, 63 N. H. 135; State v. Lancaster, 63 N. H. 267.

The decree of the District Court is affirmed, with costs.