## WINOLA LAKE & LAND CO., Inc., v. GORHAM.

### No. 1212.

District Court, M. D. Pennsylvania.

Feb. 24, 1936.

Otto Robinson and James K. Peck, both of Scranton, Pa., for plaintiff.

R. W. Trembath, of Tunkhannock, Pa., and O'Malley, Hill, Harris & Harris, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is a motion to dismiss a bill in equity on the grounds that the bill fails to show that the amount involved exceeds $3,000, and fails to show the right to proceed in equity, for the reason that there is no adequate remedy at law.

The bill in equity avers in substance that complainant is lessee for a period of ten years, from June, 1935, of Lake Winola and certain abutting lands, that complainant conducts a business of granting licenses and privileges for the use of said lands and waters for the purpose of boating, bathing, fishing, and skating; that over 300 licensees are using the privileges granted thereby, and that there are other potential licensees; that the value of complainant's property, which exceeds $10,000, depends upon the exclusive use for recreational purposes; that defendant has from July 12, 1935, continuously trespassed upon the lands and waters of complainant by boating, swimming, and otherwise and has aided, abetted, and conspired with others to continue to trespass; that defendant, with other persons under his direction, on one occasion caused a trespass sign to be removed and destroyed and caused a large stone to be thrown at certain agents of complainant; that because of defendant's continuous trespasses and open declaration

722

to continue and by his procurement and encouragement of other persons continuously to trespass, the complainant has been deprived of its right to the free and uninterrupted use and possession of its lands and waters, without which it will suffer irreparable and complete loss of business and will lose the sale of licenses and privileges for the use of said lake; wherefore, complainant prays that defendant, his agents, employees, or other persons under his direction be enjoined from trespassing on the lands and waters of complainant or interfering with the complainant or its business, and prays for damages for the loss of the use and enjoyment of its property as well as for exemplary damages resulting from the aggravated and wanton acts of defendant.

 In suits for injunctions, the amount in controversy is tested by the value of the right which is sought to be protected or the object to be gained by the bill and not the amount which complainant might recover at law for the acts about which complaint is made. Hughes Federal Practice, § 459; Northern Pacific Ry. Co. v. Cunningham (C.C.) 103 F. 708; Board of Trade of City of Chicago v. Cella Commission Co. (C.C.A.) 145 F. 28; Evenson v. Spaulding (C.C.A.) 150 F. 517, 9 L.R.A.(N.S.) 904; Mississippi & Missouri R. Co. v. Ward, 2 Black (67 U.S.) 485, 17 L.Ed. 311; Hunt v. New York Cotton Exchange, 205 U.S. 322, 27 S.Ct. 529, 51 L.Ed. 821; First National Bank of Columbus, Ohio, v. Louisiana Highway Commission, 264 U.S. 308, 44 S.Ct. 340, 68 L.Ed. 701. The right sought to be protected here is the exclusive right to conduct the business of granting licenses. The complainant avers that the value of the property involved exceeds $10,000. This averment is supported by facts reasonably showing that the amount involved meets the jurisdictional requirement. Complainant avers that there are over 300 licensees, as well as additional prospective ones; and that complainant's lease extends over a period of ten years. At a nominal fee the value of over 300 licensees for a ten-year period will exceed $3,000, which is the value of the right in controversy. In addition to the prayer for an injunction, the complainant seeks damages for loss of use of its property, as well as exemplary damages for defendant's wanton acts. From the face of the bill there are sufficient facts reasonably to show that the amount in controversy is sufficient.

The motion to dismiss for want of jurisdiction on the face of the bill cannot be sustained. The bill avers repeated trespasses and open declarations by defendant to continue the trespasses. Equity has jurisdiction of an action to enjoin continuing trespasses under the facts averred in this bill. 32 C.J. page 139, § 185. Archer v. Greenville Sand & Gravel Co., 233 U.S. 60, 34 S.Ct. 567, 58 L.Ed. 850; Pittsburgh, S. & W. R. Co. v. Fiske (C.C.A.) 123 F. 760; Evans v. Victor (C.C.A.) 204 F. 361; West Virginia Pulp & Paper Co. v. Cheat Mountain Club (C.C.A.) 212 F. 373.

For the reasons stated above, the motion to dismiss the bill must be denied.