**COLONY COAL & COKE CORPORATION
v. NAPIER et al.**
No. 946.

District Court, E. D. Kentucky.
June 22, 1939.

Jesse Morgan, of Hazard, Ky., for plaintiff.

Napier & Napier, of Hazard, Ky., for defendant Joe Napier.

James H. Jeffries, of Pineville, Ky., for defendants Ramoneda Bros.

FORD, District Judge.

The bill of complaint alleges that plaintiff is the owner of, has the legal title to, and is in the actual possession of, a described boundary of land located in Perry County, Kentucky, containing approximately 209 acres, which is valuable because of the timber growing and standing thereon and the coal and mineral deposits thereunder; "that the defendants have set up some kind of claim to said lands and the timber standing and growing thereon as well as the minerals thereunder, the exact nature of the claims of the defendants, this plaintiff does not know, but it here alleges and charges that the defendants are now preparing and threatening to forcibly enter upon said lands and cut and remove therefrom, the standing and growing timber thereon; for the purpose of cutting and removing said timber and manufacturing same they are threatening to construct haul roads, tram roads and other contrivances over and through its lands for the purpose of manufacturing and removing, hauling and transporting said timber thereover and therefrom and by their claims and threatened acts of trespass they have cast a cloud upon the title to said lands of the plaintiff and are thereby greatly harassing and annoying

the plaintiff in the enjoyment and use of its said lands and timber growing thereon and the coals and minerals thereunder and the purposes for which it has held the same for several years."

The relief sought is an injunction restraining the defendants from committing the acts alleged to be threatened and from continuing the conduct charged.

An action of this nature (as distinguished from an action to quiet title under Section 11, Kentucky Statutes) is authorized by Section 2361 of the Statutes of Kentucky.

The provisions of Section 24 of the Judicial Code, 28 U.S.C.A. § 41, so far as material here, confer original jurisdiction upon the district courts of the United States in a suit of a civil nature "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000" and "is between citizens of different States".

In respect to the matter in controversy and the value thereof, the bill alleges "that the acts and threatened acts and conduct of the defendants are such that it has greatly annoyed the plaintiff in the use and enjoyment of its said lands and casting a cloud upon its said title to said lands and therefore and thereby injuring the vendable value thereof very materially", and "that the matter in controversy herein exceeds, exclusive of interest and costs, the sum of Three Thousand ($3,000) Dollars".

Each of these allegations is traversed by answer, thereby imposing upon plaintiff the burden of establishing by proof the existence of this prerequisite to Federal jurisdiction.

The only evidence introduced by the plaintiff to support its allegations as to jurisdictional amount was the testimony of Mr. W. A. Hull, its land agent, who, after describing in a general way the nature and location of the land described in the bill, its relation to other properties owned by the plaintiff, and his experience for the past twenty four years in dealing with lands of this character in that territory, testified as follows:

"Q. 47–Now, then Mr. Hull, from the experience you have told the Court in the number of years you have been dealing with properties of this kind, say whether or not the 209 acres of land set forth in the bill in this case, being a part of this block of property that you have, and considering it in that relation, is it of the value of $3000.00 or more?

\* \* \* \* \* \*

"A. Yes, sir, it is, and I might add that to take this tract separately and apart from the other tracts, it is worth $3000.00.

\* \* \* \* \* \*

"A.—It is worth more than that taken separately and apart from the other tracts; it is worth more than that."

The question is whether the value of the entire tract of land described in the petition is the proper standard by which to measure the value of "the matter in controversy" in this action.

The plaintiff relies upon authorities dealing with suits to quiet title where it was shown that the cloud to be removed affected the title as a whole. Woodside v. Ciceroni, 9 Cir., 93 F. 1; Lehigh Zinc & Iron Co. v. New Jersey Zinc & Iron Co., C.C., 43 F. 545; Frontera Transportation Co. v. Abaunza, 5 Cir., 271 F. 199; Greenfield v. United States Mortgage Co. of Scotland, C.C., 133 F. 784.

The rule applicable to such cases has been thus stated in a recent authority on Federal practice: "The value of the matter in controversy in a suit to quiet title or to remove a cloud therefrom would seem to be the difference between the value of the land without the cloud and the value with the cloud thereon." 1 Moore's Federal Practice, p. 527.

Except in a collateral or incidental aspect, this case is not a suit to quiet the plaintiff's title. The only specific relief sought is an injunction to prevent trespass upon and to restrain the assertion of a claim against the land, the nature and extent of which claim is undisclosed.

In an action to enjoin trespass, the result of which would be to destroy or impair the use and enjoyment of the plaintiff's land as a whole, it has been held that the amount in controversy is determined by the value of the land. Smith v. Bivens, C.C., 56 F. 352; Northern Pacific R. Co. v. Cunningham, C.C., 103 F. 708; In re Turner, C.C., 119 F. 231; Swan Island Club, Inc., v. Ansell, 4 Cir., 51 F.2d 337; Winola Lake & Land Co., Inc., v. Gorham, D.C., 13 F.Supp. 721. This is not at variance with the general rule that in a suit for an injunction, the amount involved for the purpose of determining the jurisdiction

of a Federal Court is the value of the right to be protected or the extent of the injury to be prevented. This rule has been applied in numerous cases and under varying circumstances.

In the case of Glenwood Light & Water Co. v. Mutual Light, Heat & Power Company, 239 U.S. 121, 36 S.Ct. 30, 32, 60 L.Ed. 174, the Court said: "We are unable to discern any sufficient ground for taking this case out of the rule applicable generally to suits for injunction to restrain a nuisance, a continuing trespass, or the like, viz., that the jurisdictional amount is to be tested by the value of the object to be gained by complainant." See, Hunt v. New York Cotton Exchange, 205 U.S. 322, 27 S.Ct. 529, 51 L.Ed. 821.

■ As shown by the allegations of the complaint, the rights for which the plaintiff seeks protection in this case are freedom from annoyance and harassment in the use and enjoyment of its lands and from injury to the vendable value thereof. These rights constitute "the matter in controversy". However meritorious may be the plaintiff's claim to such rights, the conditions upon which it may invoke the exercise of Federal jurisdiction to afford it protection in the enjoyment of them are not met unless the fact is established that their value exceeds $3,000. Assuming that the plaintiff's entire 209 acres of land is worth more than $3,000, no facts or circumstances are disclosed indicating that the value of the particular rights appurtenant to the land, here constituting the matter in controversy, is the same or equal to the value of the land in its entirety. Proof of the value of the land as a whole, with nothing more, is insufficient as a standard of measurement or test of jurisdictional amount when it is not shown that the value of the rights involved and the value of the entire land are equivalent. The proof as to value relates only to the value of the land taken as a whole and discloses nothing as to the relative value of the rights therein sought to be protected.

No evidence as to the nature and extent of plaintiff's annoyance or harassment in the use or enjoyment of its lands is produced. Neither is there any proof showing the extent to which the vendable value of its land is impaired.

There is no adequate basis upon which the Court may predicate a finding that the value of the matter in controversy is sufficient to meet the jurisdictional requirement.

■ As to the other condition upon which Federal jurisdiction is made to depend, viz., diversity of citizenship between the parties, it is a familiar rule that such diversity does not exist, within the meaning of the Code provision defining jurisdiction, unless all persons upon one side of the case are citizens of different states from all persons on the other side. The bill alleges that the plaintiff is a citizen of Virginia, that the defendant Joe Napier is a citizen of Kentucky, but there is no allegation as to the citizenship of either of the defendants, Ramoneda Brothers. The only allegations in the bill as to them are "the defendants, Ramoneda Brothers, who are at present located in Perry County and Leslie County, are doing and transacting what is known as the stave business, cutting, removing, buying, manufacturing and selling staves and that they have an agent by the name of John Marty in charge of their said business." The essential averment in respect to the citizenship of these defendants is not supplied by the general allegation that Federal jurisdiction arises by reason of diversity of citizenship of the parties. Furthermore, this general allegation is specifically denied by the answer of the defendant Joe Napier. Complete diversity of citizenship as between all the parties being neither alleged in the complaint nor shown by the proof, there is nothing upon which the Court can base a finding that the essential complete diversity of citizenship between the plaintiff and all defendants exists.

■ In the case of McNutt v. General Motors Corporation, 298 U.S., 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135, it is clearly pointed out that in order to invoke Federal jurisdiction in his favor, a complainant must plead the facts essential to meet the conditions upon which such jurisdiction rests and if the allegations be appropriately challenged, they must be supported by preponderance of competent proof. The Court said: "The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction.

If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court. The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence. We think that only in this way may the practice of the District Courts be harmonized with the true intent of the statute which clothes them with adequate authority and imposes upon them a correlative duty.

"Here, the allegation in the bill of complaint as to jurisdictional amount was traversed by the answer. The court made no adequate finding upon that issue of fact, and the record contains no evidence to support the allegation of the bill. There was thus no showing that the District Court had jurisdiction and the bill should have been dismissed upon that ground."

It is true, as contended by the plaintiff, that neither the answer of the defendants asserting title to only a small portion of the land worth much less than the jurisdictional amount, nor their disclaimer of any interest in the remainder of the land is effective to deprive the court of jurisdiction (St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845), but this does not lessen the primary burden resting upon plaintiff.

For the reasons indicated, I am of the opinion that the plaintiff's bill must be dismissed for failure to show facts prerequisite to the exercise of Federal jurisdiction.

The defendants, Ramoneda Brothers, filed a cross bill against their co-defendant, Joe Napier, seeking to recover $297.50, the purchase price of 85 white oak trees growing upon a part of the land described in the bill of complaint. The amount involved in this cross bill being insufficient to support Federal jurisdiction of it as an independent suit, jurisdiction to entertain it, if it exists, must rest upon the theory that it is an appropriate ancillary proceeding. Under the rule that if the principal action fails for lack of jurisdiction, an ancillary proceeding must fall along with it, it follows that jurisdiction of this cross bill must also be denied. Kendrick v. Kendrick, 5 Cir., 16 F.2d 744; St. Louis, Iron Mountain & Southern R. Co. v. McKnight et al., 244 U.S. 368, 37 S. Ct. 611, 61 L.Ed. 1200; Fidelity Bond & Mortgage Co. v. Grand Lodge, I.O.O.F. of Tenn. et al., 6 Cir., 41 F.2d 326.

Let an order be entered in conformity herewith.