**DIXIE GREYHOUND LINES, Inc., v. ELLIOTT.**

**No. 114.**

District Court, W. D. Kentucky, Paducah
Division.

Aug. 18, 1942.

954

Wheeler & Shelbourne, of Paducah, Ky., and Shepherd, Owen & Heiskell, of Memphis, Tenn., for plaintiff.

Waller & Threlkeld and Henry Whitlow, all of Paducah, for defendant.

MILLER, District Judge.

The plaintiff Dixie Greyhound Lines, Inc., filed this action to enjoin the defendant Rulie Elliott from operating a motor bus for the transportation of passengers for hire without having first obtained a certificate of convenience and necessity from the proper state authorities. The evidence was heard by the court and the action submitted for judgment.

The plaintiff is a Delaware corporation operating a motor bus line for transportation of passengers for hire between Wickliffe, Kentucky, and Paducah, Kentucky, under a certificate of convenience and necessity issued by the Division of Motor Transportation of the State of Kentucky. The defendant is a resident of McCracken County, Kentucky, and is a United States mail carrier operating a mail truck between the same points under a contract with the United States Government, and without any certificate of convenience and necessity from the State of Kentucky. In making the mail route trip the defendant habitually carries with him passengers from one point to the other, and from intermediate points, who are familiar with his schedule and request a ride. The defendant advises such passengers that they can ride with him; that he has no authority to make a charge for the transportation, and that they can pay what they like. The passenger usually pays the defendant a sum materially less than the regular fare charged by the plaintiff for transportation between the same points.

The petition alleges that the exclusive right of the plaintiff to operate as a common carrier between Wickliffe, Kentucky, and Paducah, Kentucky, as evidenced by its certificate of convenience and necessity, is a valuable right reasonably worth the sum of $5,000; that the infringement of this right by the defendant lessens and diminishes the value of this franchise right, and will, if persisted in by the defendant, destroy the value of the plaintiff's right and the value of its business; that the value of the right sought to be protected exceeds $3,000 exclusive of interest and costs; that the amount in controversy exceeds $3,000 exclusive of interest and costs; that within one year last past the defendant has received in payment of passenger fares over the route covered by the plaintiff's certificate the sum of $2,000; and that the collection of these fares was an infringement of the rights of the plaintiff for which he is entitled to recover in judgment the sum of $2,000.

The defendant, before making answer, filed a motion to dismiss the action for lack of jurisdiction. This motion was overruled. The defendant then filed an answer denying the material allegations of the petition which included a denial that the amount in controversy, or the value of the alleged right sought to be protected in this action exceeded $3,000, or that the plaintiff's right under its certificate of convenience and necessity was reasonably worth the sum of $5,000, or any sum, or that the defendant had collected fares in the amount of $2,000 or that the plaintiff had been damaged in any amount by reason of any fares so collected. At the close of the evidence the defendant renewed its motion to dismiss for lack of jurisdiction.

The defendant's motion to dismiss, filed before answer being made, was overruled because of the specific allegations of the petition that the amount in controversy exclusive of interest and costs exceeded the sum of $3,000. The petition thus showed on its face both diversity of citizenship and the necessary jurisdictional amount involved. Section 41(1), 28 U.S.C.A. A motion to dismiss for lack of jurisdiction, made before answer is filed, admits for the purpose of the motion facts alleged in good faith. Street v. Lincoln Safe Deposit Co., 254 U.S. 88, 41 S.Ct. 31, 65 L.Ed. 151, 10 A.L.R. 1548; Lambert v. Yellowley, 2 Cir., 4 F.2d 915. The rule governing the District Court in its consideration of these allegations is well stated in Saint Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 288, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845: "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does

not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."

■ It did not appear from the face of the pleadings that the jurisdictional amount was not involved and accordingly the motion was overruled and jurisdiction retained for the purpose of hearing the evidence on the issues involved. The answer raised an issue of fact respecting the jurisdictional amount which brings the question to the court's attention again upon the completion of the evidence. Sparks v. England, 8 Cir., 113 F.2d 579, 582.

■ It is not enough in order to confer jurisdiction upon the District Court that the petition merely assert that more than the required amount is involved. If the petition itself shows by other allegations that this statement is not a correct one, or if the proof shows that such facts do not exist, the general allegation of the petition that the amount involved exceeds the necessary jurisdictional amount is of no avail. Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 86, 43 S.Ct. 480, 67 L.Ed. 871; First National Bank v. Louisiana Highway Commission, 264 U.S. 308, 310, 44 S.Ct. 340, 68 L.Ed. 701; Woods v. Thompson, 7 Cir., 14 F.2d 951.

■■ There are a number of decisions which have held that when the defendant challenges the plaintiff's allegations respecting the amount in controversy the burden of proof rests upon the defendant to show by a preponderance of the evidence that the amount involved was less than the jurisdictional amount. Hunt v. New York Cotton Exchange, 205 U.S. 322, 333, 27 S.Ct. 529, 51 L.Ed. 821; Auto Acetylene Light Co. v. Prest-O-Lite Co., 6 Cir., 276 F. 537, 539; Hill v. Walker, 8 Cir., 167 F. 241, and cases therein cited. But the now established rule is to the contrary.

The petition must properly allege all the facts essential to show jurisdiction, including the allegation as to the amount in controversy, and if the plaintiff's allegations of jurisdictional facts are challenged by the defendant in any appropriate manner the plaintiff must support them by competent proof, and even where they are not so challenged the court may insist that the jurisdictional facts be established by a preponderance of the evidence or the case be dismissed. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc., v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; Kurn v. Beasley, 8 Cir., 109 F.2d 687; Alexander v. Westgate-Greenland Oil Co., 9 Cir., 111 F.2d 769; Colony Coal & Coke Corp. v. Napier, D.C. E.D.Ky., 28 F.Supp. 76.

■ This brings us to a consideration of the proper rule to apply in determining what is the amount in controversy. Plaintiff relies upon the decisions which hold that where an injunction is sought to prevent interference with plaintiff's business, the amount in controversy is the value of the business and the property right therein which the suit seeks to protect, and not merely the damages which have accrued prior to the commencement of the action. Hunt v. New York Cotton Exchange, 205 U.S. 322, 336, 27 S.Ct. 529, 51 L.Ed. 821; Bitterman v. Louisville & Nashville Railroad Co., 207 U.S. 205, 225, 28 S.Ct. 91, 52 L.Ed. 171, 12 Ann.Cas. 693; Lambert v. Yellowley, 2 Cir., 4 F.2d 915, 918. The facts in the present case, however, seem to bring it closer in line with the principle laid down in McNutt v. General Motors Acceptance Corp., supra, where the court pointed out on page 181 of its opinion in 298 U.S., 56 S.Ct. 780, 80 L.Ed. 1135, that the value of the right being protected was not necessarily the value of the business itself, in that the value or net worth of the business is involved only to the extent that it is affected by the loss of the particular right under consideration. See, also, KVOS, Inc., v. Associated Press, supra.

■ The evidence offered by the plaintiff to meet the burden of proof resting upon it respecting the amount involved consisted chiefly of its General Traffic Manager's testimony that in his opinion the value of the plaintiff's franchise was reasonably worth from four to five thousand dol-

956

lars, its chief value being that it acted as a connecting link with other transportation systems operated by the plaintiff. But the facts do not sustain that valuation. The evidence showed that the plaintiff's bus made two trips each way each day between Paducah and Wickliffe, which were approximately thirty-five miles apart. Plaintiff formerly operated three round trips each way each day, but had reduced the number to two because of the lack of need for it. The population of Wickliffe is between 500 and 1,000 inhabitants; the populations of Barlow and LaCenter, which were the two principal towns on the route, were also between 500 and 1,000 people. The evidence disclosed that there were no bus connections at Wickliffe, Barlow or LaCenter, that the travel on this particular line was light, that usually the bus travelled with many empty seats, that nothing was paid for the franchise when it was originally acquired, that the line had been operated at a net loss to the plaintiff for several years, and that the franchise was merely an annual one subject to renewal at the end of each year. The plaintiff brought out by cross-examination of the defendant Elliott that he had taken in as payments from the passengers he carried between $20 and $25 per month during the year 1941. This evidence upon the whole falls far short of meeting the burden resting upon the plaintiff to prove that the amount involved in this litigation exceeds the sum of $3,000 exclusive of interest and costs. It is very doubtful if the franchise held by the plaintiff is worth anything at all when considered as a separate unit. It has proven itself to be a losing proposition financially. The evidence failed to disclose that anyone else desired it. Its value to the plaintiff as a feeder to its other lines is of a very intangible nature, and even if included as a proper element for consideration it is not susceptible of convincing proof. The amount of revenue which the defendant took in from his operation is relatively small, and it is of course problematical if such revenue would have gone to the plaintiff even if the defendant had not been engaged in the operations complained of.

The defendant's motion to dismiss for lack of jurisdiction is sustained, which makes it unnecessary to discuss the evidence and law pertaining to the merits of the case.