## NEW JERSEY ASPHALT & PAVING CO. Inc. et al. v. MUTUAL BOILER INS. CO. OF BOSTON.

### Civ. No. 10729.

United States District Court
D. New Jersey.

June 27, 1951.

Raymond L. Cunneen, Newark, N. J., for plaintiffs.

Cox & Walburg, Newark, N. J., for defendant.

MEANEY, District Judge.

This action was originally brought under the old dispensation in the former New Jersey Supreme Court by the Continental Casualty Company, as assignee of the New Jersey Asphalt and Paving Company, to recover a contribution from the defendant for money paid upon an insurance policy to the New Jersey Asphalt and Paving Company. The case was removed to this court upon the petition of defendant which alleged, among other things, that the amount in controversy exceeded the sum of $3,000. The matter was submitted to this court upon a stipulation of facts and briefs.

The stipulation shows that the Continental Casualty Company paid to the New Jersey Asphalt and Paving Company the sum of $8,368.17; that the Continental Casualty Company had insured the Paving Company against liability for personal in-

juries up to an amount of $50,000 for any one individual. The defendant had also insured the Paving Company against liability for personal injuries to the extent of $25,000 for injuries to any one individual. The question on the merits is whether, under the terms of the two policies, the defendant insurance carrier should be required to contribute in proportion to its coverage.

The ad damnum clause seeks damages in the amount of $5,000. However, from examination of the agreed statement of facts and the plaintiff's brief, it is apparent that the greatest sum that could be recovered in this case would be only one-third of the $8,368.17 which plaintiff Insurance Company paid in satisfaction of the claim of the insured. This sum, of course, is less than $3,000, consequently it now appears that the amount in controversy does not exceed the sum of $3,000 exclusive of interest and costs, as required by section 1332 of Title 28 U.S.C. Section 1447(c) of Title 28 provides as follows: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case * * *".

In First National Bank of Columbus, Ohio v. Louisiana Highway Commission, 264 U.S. 308 at page 310, 44 S.Ct. 340, at page 340, 68 L.Ed. 701, the Supreme Court said: "It must appear on the face of the complaint or otherwise from the proofs that the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. * * * The value of the object to be gained is the test of the amount involved. * * * The mere assertion that more than the required amount is involved is not enough where, as in this case, the facts alleged do not even tend to support the claim."

See also: Norwood Lumber Corporation v. McKean, 3 Cir., 1946, 153 F.2d 753, and St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.

The matter will therefore be remanded to the State Court, as the statutory requirements for jurisdiction in the United States District Court are not present.

Submit an order in conformity with this determination.