**FUNK v. ACME INDUSTRIES, Inc.**
**No. 12604.**

United States District Court
E. D. Michigan, S. D.
Sept. 30, 1953.

John N. Anhunt and Verne C. Amberson, Detroit, Mich., for plaintiff.

Rosenburg, Painter & Davidson, Jackson, Mich., for defendant.

LEDERLE, Chief Judge.

In the language of the defendant's brief, this is an action "upon an express written contract as modified by the parties." The modification referred to is based also upon written documents, Exhibits A and B attached to the complaint. The writings referred to do not purport to represent all of the agreement between the parties with reference to the plaintiff's employment. It is obvious from the pleadings and the exhibits attached that it was the intention of the parties that the employment contract involved was a yearly contract, beginning July 2, 1951. There is no dispute about the fact that the plaintiff performed the contract up to December 31, 1951, when it was terminated by the plaintiff with the consent of the defendant. It is conceded, however, that the writings do cover the entire agreement between the parties as to the compensation of the plaintiff. The modification referred to relates only to the termination of the contract. The writings contain nothing except the statement by the plaintiff that he desired to terminate the contract and the defendant's consent to this termination.

The contract with reference to compensation is clear and unambiguous. It is perfectly evident that the plaintiff would not be entitled to the basic compensation of $7,200 per year unless he performed his part of the agreement for the entire year. The total amount claimed by the plaintiff is $4,176.26. This claim is based upon the theory that he was entitled to receive the sum of $7,200, or 1% of the first $720,000 in sales in the territory allocated to him. The balance of the claim of $576.26 is based upon the theory that he was entitled to receive a commission of ¼ of 1% on the sales in excess of $720,000.

The pleadings disclose that there is no genuine issue as to any material fact insofar as it relates to the claim for the $3,600 involved. It is based upon a construction of the contract, and it is the duty of the Court to interpret the contract as a matter of law. Plaintiff's claim for this sum of money cannot be sustained. Thus, it appears that the amount involved does not meet the jurisdictional requirements of this Court, and it follows that the complaint must be dismissed for lack of jurisdiction. Vance v. W. A. Vandercook, 170 U.S. 468, 472, 18 S.Ct. 645, 42 L.Ed.

1111; Lion Bonding Co. v. Karatz, 262 U.S. 77, 86, 43 S.Ct. 480, 67 L.Ed. 871; First National Bank of Columbus, Ohio v. Louisiana Highway Commission, 264 U.S. 308, 44 S.Ct. 340, 68 L.Ed. 701; Corcoran v. Royal Development Co., D. C., 35 F.Supp. 400, affirmed, 2 Cir., 121 F.2d 957, certiorari denied 314 U.S. 691, 62 S.Ct. 360, 86 L.Ed. 552.