**William P. GRAY, Appellant,**

v.

**OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA.**

**No. 16581.**

United States Court of Appeals Third Circuit.

Argued Nov. 20, 1967.

Decided Jan. 8, 1968.

William P. Gray, pro se.

Joseph E. Irenas, McCarter & English, Newark, N. J. (Eugene M. Haring, Newark, N. J., on the brief), for appellee.

Before HASTIE, FREEDMAN and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

The district court granted defendant's motion to dismiss the complaint for lack of jurisdiction and ordered dismissal without prejudice on the merits.

The cause of action, set out by a pro se pleader, is founded on a claim for payments under what appears to be a disability policy by defendant to plaintiff.

The complaint alleges that plaintiff suffered an infection of one of his toes while he was in Paris, France, and when he returned to the United States attempted to obtain from defendant his "insurance compensation" but was told that no more than $67.85 would be paid to him unless he produced an affidavit signed by a French physician attesting to the fact that he had fully recovered. After he obtained such an affidavit defendant again "refused to honor" its "obligation". Plaintiff returned to the United States and sought to obtain payment from defendant or to effect a settlement, all without avail. The complaint then goes on to say that since returning to the United States plaintiff has had a recurrence of "foot involvement" of the other foot.

Damages are sought in the amount of $25 weekly from March 7, 1965, "until settlement", with interest, and in addition $25,000 as punitive damages "for the aggravated inconveniences and harassments created by the wilful breach of contract" by the defendant. The complaint also demands the price of one first class roundtrip fare from Chicago to Paris.

Jurisdiction is dependent upon diversity of citizenship of the parties and an amount in controversy exceeding $10,000, exclusive of interest and costs. Defendant contended that neither of these conditions was met, but the district court's order does not indicate which ground it accepted, or whether it held both of them well-founded.

As to the amount in controversy, the complaint was filed on November 29, 1966, and the accumulated payments of $25 weekly from March 7, 1965 until that date, if they were due, would amount to approximately $2,242. It is impossible to be certain how long the $25 weekly payments could continue under plaintiff's version of his claim. He alleges that he demands such payments "until settlement", but what that means does not appear. Even if there were no time limit on the extent of the weekly payments, they would not reach a total in excess of $10,000, exclusive of interest, until October, 1972.

▮ Since this is a pro se complaint we resolve all doubtful questions in favor of the pleader. But there is nothing to indicate that plaintiff could possibly obtain a judgment beyond the approximate amount of $2,242 which had already accrued when the complaint was filed. There is no basis for acceleration of any payments falling due after the filing of the complaint so as to render them payable when the action was instituted. In such a situation the jurisdictional requirement in diversity is not met. See New York Life Insurance Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971 (1936).

▮ Nor can the claim of $25,000 for punitive damages be added in measuring the amount in controversy. Such a claim, "for the aggravated inconveniences and harassments created by the wilful breach of contract" by the defendant, rests on a contract action and is patently frivolous and without foundation.[1] While the plaintiff's right ultimately to prevail is not the test of jurisdiction, there must be a substantial question raised,[2] and where it is clear to a legal certainty that the relief sought is unavailable the amount attributed to it may not be considered in computing the jurisdictional amount.[3]

Plaintiff's remaining claim for the price of transportation between Chicago

1. Restatement of the Law, Contracts (1932) § 342; see cases collected in Annot. 84 A.L.R. 1345 (1933) and its supplements.

2. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

3. First National Bank of Columbus, Ohio v. Louisiana Highway Commission, 264 U.S. 308, 44 S.Ct. 340, 68 L.Ed. 701 (1924); Young v. Main, 72 F.2d 640 (8 Cir. 1934). See also Wilson v. American Chain & Cable Co., Inc., 364 F.2d 558, 563 (3 Cir. 1966); Jaconski v. Avisun Corp., 359 F.2d 931, 934 (3 Cir. 1966).

and Paris is insufficient to fill the gap in the jurisdictional amount.

When we consider that the illness from which plaintiff suffered in March, 1965, was an infection of a toe, it is impossible in the light of these facts, making every intendment in favor of the pleader, to arrive at any conclusion except that the amount in controversy does not exceed $10,000, exclusive of interest and costs.

The complaint is lacking in clarity on the jurisdictional requirement of diversity of citizenship. Nowhere does the plaintiff allege the state in which he was domiciled or of which he was a citizen at the time of the filing of the complaint. Instead he alleges that he is an American citizen as a result of having been born in Chicago, Illinois, and then goes on to aver: "He uses as a legal address, to receive mail, the home of a cousin at [a specified address in] * * * Illinois; he also receives mail in New York at: Gen. Post Office, Gen. Delivery, c/o Seaman's Unit, N.Y. 1, N.Y." He alleges that defendant's home office is advertised to be in Los Angeles, California, and that it also maintains offices in Chicago and New Jersey.

There is thus nothing to show precisely the state of incorporation of the defendant, although its principal place of business is stated to be in California. Since it is possible that plaintiff may be a citizen of Illinois or even of New York, and there is nothing in his complaint which would tie him to California, it may well be that he is a citizen and domiciliary of a state other than that in which defendant was incorporated and in which it has its principal place of business. It is for this reason that we do not rest our affirmance of the district court's order on this second ground.

What is before us is an essentially minor claim which taken at its best does not reveal that the amount in controversy exceeds $10,000, exclusive of interest and costs. This jurisdictional requirement is one which must be made to appear affirmatively on the face of the complaint. The district court therefore rightly dismissed the action without prejudice as to the merits.

The order of the district court will be affirmed.