Raymond F. BOURHIS, Plaintiff,

v.

"READER'S DIGEST" ASSOCIATION, Inc., Defendant.

No. C–70 1241.

United States District Court, N. D. California.

March 12, 1971.

320

Roy D. Alper, Berkeley, Cal., for plaintiff.

Pillsbury, Madison & Sutro with William I. Edlund and Donald G. McNeil, San Francisco, Cal., for defendant.

## ORDER GRANTING MOTION TO DISMISS

WOLLENBERG, District Judge.

This is a diversity suit brought by a California resident whose name was used by defendant in an advertising campaign. Both parties move for summary judgment on the issue of liability, which motions the Court finds it unnecessary to reach.

■ A suit brought in federal court pursuant to the diversity jurisdiction must involve a matter exceeding $10,-000.00 in value, exclusive of interest and costs. 28 U.S.C. § 1332. A simple plea of damages exceeding the jurisdictional amount does not foreclose further inquiry; if the court or defendant challenges the existence of the jurisdictional minimum, the burden is on plaintiff to show that the facts of his case support the allegations. Arnold v. Troccoli, 2 Cir., 344 F.2d 842 (1965); Jones v. Landry, 5 Cir., 387 F.2d 102 (1967).

Plaintiff cannot show actual damages in any significant amount. His deposition and pleadings reveal no physical injury, no time lost from work, no ridicule or harassment by third parties, and no out of pocket expenses arising from the alleged invasion of his privacy. He alleges only annoyance, anger, and headaches "as a result of this thing". He cites no California case awarding damages in any significant amount under circumstances remotely similar to the ones alleged here.

■ Plaintiff adds a prayer for punitive damages. The test of jurisdiction in diversity cases has been held to be the amount claimed in good faith rather than the actual amount ultimately determined to be in controversy. Jones v. Landry, cit. supra. It may nonetheless appear "to a legal certainty" that the pain, suffering, and other intangeable factors alleged are so slight that dismissal is warranted. The simple addition of a prayer for punitive damages will not save such a case, absent a showing or colorable allegation of facts which would give rise to such damages in the State whose law is to be applied. Gray v. Occidental Life Ins. Co. of California, 3 Cir., 387 F.2d 935 (1968); Dixon v. Northwestern National Bank of Minneapolis, D.C., 276 F.Supp. 96 (1967).

■ In California, "exemplary damages must * * * bear a reasonable relationship to the damages actually sustained by the plaintiff". 14 Cal.Jur.2d 818–19. Plaintiff has shown no more than nominal actual damages. He has neither alleged nor shown any intent on the part of defendant to malign him, harm his reputation, or cause him anguish. In short, there is no "aggravating circumstance" here, and there are no significant actual damages, such as

would support an award of punitive damages in any way approaching $10,000.00. Fairfield v. American Photocopy Equipment Co., 158 Cal.App.2d 53, 322 P.2d 93 (1958); 14 Cal.Jur.2d 809.

Accordingly, it is hereby ordered that defendant's motion to dismiss for lack of a sufficient amount in controversy is granted.