**Albert Arthur OLSTER, an infant, by his guardian ad litem Irene Olster, and Ned Olster, Plaintiffs,**

v.

**KIAMESHA CONCORD, INC., Defendant.**

United States District Court
S. D. New York.
May 15, 1964.

Joseph L. Rudell, New York City, for plaintiffs.

Oppenheim & Oppenheim, Monticello, N. Y., for defendant.

BONSAL, District Judge.

This case appeared on the pre-trial calendar on May 6, 1964. A pre-trial conference was held with the attorneys, from which it appears that plaintiff, 16 years old at the time, was riding a horse which had been rented from a concessionaire of the defendant hotel. The saddle strap parted and plaintiff slipped off the horse and fell on his buttocks, suffering sprains and contusions. Plaintiff claimed medical and medicine expenses of $170, and two weeks' loss of earnings of $128 (it is said that he was employed by his father at the time). No showing was made of any real injuries other than the contusions above mentioned. It appeared, therefore, that this Court was without jurisdiction under Section 1332 of the United States Code. The conference was adjourned to give the plaintiff an opportunity to be examined by a doctor to show permanency of the injuries or other facts bringing the case within the jurisdictional amount of $10,000. On May 13, 1964 plaintiff's counsel reported that he had not yet received the doctor's report, and on May 15, 1964 it was reported to the Court that the doctor had found no indications of permanency.

It is therefore clear that this case should never have been brought in this Court. This is one of a growing class of diversity cases which fail in jurisdictional amount but which are nevertheless brought in this Court because plaintiff's attorney finds it inconvenient to sue in the proper State court or because he fears he will be required to post a bond for costs in the State court, or because he wishes to have the advantage of the Federal discovery rules.

No adequate sanctions exist to prevent the Court from being burdened with these cases. However, where it is clear, as here, that the liability, if any, can involve only a few hundred dollars, it is appropriate to dismiss the action for lack of jurisdiction without awaiting a trial.

The complaint is dismissed.

It is so ordered.