## ORSINI

v.

### SPECTOR FREIGHT SYSTEM et al.
### Civ. Nos. C69-650, C69-651.

United States District Court,
N. D. Ohio, E. D.
July 30, 1971.

Donald C. Canestraro, Cleveland, Ohio, for plaintiffs.

Richard T. Reminger, Cleveland, Ohio, for defendants.

### KRUPANSKY, District Judge.

This is a diversity action for damage to person and property arising from an incident that occurred at approximately 2:45 p. m. on the 25th day of October 1967, at Milepost No. 54 of the Indiana E–W Toll Road. Plaintiff Delano Orsini was a passenger in a motor vehicle being operated in a general easterly direction of the Indiana E–W Toll Road by plaintiff John Orsini. As plaintiff John Orsini's motor vehicle was overtaking a truck operated by Wilbur C. Buchenberg, the rear wheels of said Buchenberg truck caused a piece of steel rod which had fallen from the tractor trailer immediately ahead of the Buchenberg truck, and driven by the defendant Ernest C. Mantz, to be hurled through the windshield of the Orsini automobile requiring the plaintiff John Orsini to bring the vehicle to an abrupt stop.

Plaintiffs allege that defendant Ernest C. Mantz was an agent of defendant Spector Freight System and was acting in the scope of his employment at the time of the incident. Plaintiffs filed individual actions against the defendants on August 22, 1969, almost two years after the occurrence.

Defendants moved the court to dismiss both actions claiming lack of jurisdiction in that the controversy in each case involved a sum of less than $10,000 exclusive of interest and costs contrary to the requisites of 28 U.S.Code, Section 1332.

Immediately prior to the empaneling of a jury, an oral hearing was conducted to determine the validity of defendants' motions. From all available medical records and reports presented to the court at the hearing, it appeared that John Orsini, a 38 year old male, consulted Alejandro M. Aldana, Jr., M.D., in Maple Heights, Ohio, on October 26, 1967, the day following the incident. Dr. Aldana's findings indicated:

". . . moderate tenderness along the center of the back part of the neck. . . . There is slight tenderness over the center of the breast bone with no swelling or discoloration. The heart, lung, abdominal extremity and nerve examination did not reveal anything remarkable."

X-rays were ordered. Dr. Aldana characterized the injuries as mild. X-rays taken on October 27, 1967, revealed no evidence of a pathologic process of

the sternum; no evidence of a pathologic process of the chest; no evidence of a fracture or subluxation; no bone destruction.

Thereafter on November 14, 1967, plaintiff John P. Orsini was examined by James C. Firster, a chiropractor, who prescribed hot packs, conservative massage, diathermy and ultrasonics. He received twelve treatments, the last of which occurred on December 19, 1967. On the date of the last treatment, Dr. Firster found tenderness and rigidity on deep pressure over the lower thoracic region, paravertebrally.

Expenses incurred by plaintiff John Orsini were as follows:

| | | |
|---|---|---|
| 1. | Dr. James C. Firster | $125.00 |
| 2. | Dr. Alejandro M. Aldana, Jr. | 50.00 |
| 3. | Marymount Hospital, X-rays | 15.00 |
| 4. | Wages and overtime (self-employed) | 442.60 |
| 5. | Property damage (to motor vehicle) | 110.00 |
| | Total | $742.60 |

From available medical records it appears that Delano Orsini, at the time of the incident was a 34 year old male, who also consulted Alejandro M. Aldana, Jr., M.D., on October 26, 1967. Dr. Aldana's physical examination revealed:

" . . . a fairly developed fairly nourished white male who did not appear in distress. B.P. 130/80; Pulse 84/mn.; Resp. 18/mn. . . . There is slight pain on pressure in the tips of the spinous processes, with tenderness and slight spasm of posterior cervical muscles which are aggravated by all motions of the neck. There seems to be no other apparent injuries and the nervous examination of the extremities were normal."

X-rays were ordered. Dr. Aldana characterized the injuries as "not serious and most will heal in a short time." X-rays taken on October 26, 1967, of the anteroposterior and lateral view of the cervical vertebrae, indicated no evidence of fracture or subluxation; disc spaces of normal width and density.

Plaintiff Delano Orsini consulted James C. Firster, a chiropractor, on November 15, 1967, and thereafter received eleven treatments consisting of hot packs, massage, diathermy, ultrasonics and interrupted traction. Dr. Firster's diagnosis was cervicoscapular myofascitis.

Plaintiff Delano Orsini claims special damages in the following amounts:

| | | |
|---|---|---|
| 1. | Dr. James C. Firster | $123.00 |
| 2. | Dr. Alejandro M. Aldana, Jr. | 50.00 |
| 3. | Marymount Hospital, X-rays | 15.00 |
| 4. | Lost wages | 224.00 |
| | Total | $412.00 |

Permanent injuries were not alleged or claimed in either action.

In a letter dated April 9, 1968, to defendant Spector Freight System, Donald C. Canestraro, counsel for both plaintiffs, placed a value of $4,000 on the John Orsini claim and $4,500 on the Delano Orsini claim.

Fed.R.Civ.P. 12(h) provides in part:

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Parmelee v. Ackerman (6th Cir. 1958), 252 F.2d 721.

Defendants herein formally placed in issue the court's jurisdiction by motion to dismiss both actions on the basis that the diversity actions in each instance failed in the jurisdictional amount required by 28 U.S.Code, Section 1332.

It is apparent from the individual claims of the plaintiffs, the medical reports of the doctors, and the expenses incurred, that the plaintiffs suffered only mild injuries of a non-permanent nature as a result of the incident of October 25, 1967. Each of the controversies here in question could not under the most favorable interpretation warrant a value that would approach the jurisdictional amount of $10,000 required by 28 U.S.Code, Section 1332. Olster v. Kiamesha Concord, Inc., (D.C.1964), 232 F. Supp. 393; Lobianco v. Valley Forge Military Academy (D.C.1963), 224 F. Supp. 395; Bell v. Mykytiuk (D.C. 1955), 135 F.Supp. 167.

The defendants' motions being well taken, the complaints are dismissed.