Marcia Anne **RUBEL**

v.

Selma **GROSSMAN.**

Civ. A. No. 31793.

United States District Court
E. D. Pennsylvania.

July 7, 1964.

James Edwin Beasley and Alan Schwartz, Philadelphia, Pa., for plaintiff.

Henry J. Lotto, Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a motion to dismiss a diversity suit on the ground that no recovery of the jurisdictional amount is possible. There is before the Court the plaintiff's pretrial deposition together with the medical reports from the doctors who examined her.

The plaintiff suffered a back injury in an automobile accident on December 19, 1960. She was taken to a hospital but received no treatment or bandaging there and, after a couple of hours, was driven home where she remained in bed for about a week. She was a student at a nearby college and was able to return to college at the end of the Christmas vacation, on January 2.

At intervals during the next nine months she visited and was physically examined by four different physicians for a total of eight visits. Her radiograms showed no fracture or dislocation and the diagnoses of the physicians are in substantial agreement that her injuries consisted of a strain (not sprain as the plaintiff's counsel stated in his brief) of the low back area, and bruises. She received no treatment of any kind from any of the physicians, except some exercises and "prescriptions."

The plaintiff testified that during this period and thereafter she suffered pain in her back, but did not specify the degree. The doctors' reports characterize her pain as "mild," "of moderate degree," "slight," and as "minor discomfort." It does not appear that, except for a short time following the accident, her injury interfered in any way with her normal moving about, walking, sitting, etc. She testified that it compelled her to give up taking "a course in tennis," but nevertheless she played tennis ap-

proximately once every two weeks during the spring following her accident. She also went swimming that summer.

After her graduation from college the plaintiff was employed as a teacher and there is no evidence of any loss of pay as a result of the injury nor of any present or future impairment of her earning power. The only suggestions in the doctors' reports of any possible future trouble from the injury are that "The patient may have recurrent soreness in damp weather" and that "recurrences could easily occur."

Her doctors' bills amount to $170.00.

■■ The increase in jurisdictional amount in diversity cases from $3,000 to $10,000, designed to lessen the case load of the federal courts and to bring the former limit into line with the present day value of money, would be completely futile if the courts, in passing upon the question, are bound to assume that a jury can include in its verdict an item for pain and suffering in any amount it pleases. As with any other element of damages, the Court may determine from the plaintiff's own evidence the maximum recovery legally possible. Ordinarily the amount claimed in the complaint will govern, but where, in a case like the present one, it is obvious that the claim is merely colorable and could not have been made in good faith, the Court is bound to say so.

The plaintiff has cited, as sustaining her position, my decision in Sicilia v. Tassel, D.C., 163 F.Supp. 371, in which I denied a motion to dismiss for want of jurisdiction. That case involved the $3,000 limit. The plaintiff's tale of her suffering stretched the limits of credibility, but I thought it just possible that she could find a jury that would believe her and, if they did, a verdict of $3,000 could have been sustained. In the present case there is no question of credibility. Upon the facts appearing from the plaintiff's own testimony and the reports of her doctors, a verdict of $10,-000 would be preposterous.

The complaint will be dismissed for want of jurisdiction.