Walter BORMAN

v.

**GREAT ATLANTIC AND PACIFIC TEA COMPANY** and Continental Baking Company d/b/a Morton Frozen Foods.

Civ. No. 4641.

United States District Court
N. D. Indiana,
Hammond Division.

Nov. 22, 1968.

Russell A. Willis, Portage, Ind., for plaintiff.

Frank J. Galvin, Hammond, Ind., for defendants.

## MEMORANDUM

BEAMER, District Judge.

This is a diversity action filed by the plaintiff Borman against the defendants A & P and Morton Foods.

Plaintiff alleges that the defendant A & P sold him an unwholesome frozen chicken dinner which he ate. Immediately thereafter he became nauseated and ill, accompanied by vomiting. He contends that the cause of his illness was the unwholesome frozen chicken dinner which defendant sold him, in violation of an implied and express warranty as to fitness for human consumption. Count II of plaintiff's complaint alleges the same facts, but is grounded on negligence. The plaintiff prays judgment in the amount of $50,000.00.

At a pre-trial conference and in its answer the defendant raised the question of jurisdictional amount.

 This court is well aware that in a tort claim where the damages are unliquidated, the sum claimed by the plaintiff usually controls the jurisdictional amount if the claim is apparently made in good faith. In St. Paul–Mercury Indemnity Co. v. Red Cab Co., 303 U. S. 283 at 289, 58 S.Ct. 586 at 590, 82 L. Ed. 845 at 848, the Supreme Court stated the rule as follows:

The rule governing dismissal for want of jurisdiction in cases brought in the Federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the

claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the fact of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

As stated by the Supreme Court it must appear to a legal certainty that the claim is really for less than the jurisdictional amount before this Court would be justified in dismissing this case.

The Court has had the benefit of the plaintiff's discovery deposition on file in this case. In it the plaintiff testified under oath that he purchased the frozen chicken dinner an hour or two before consuming it. A few minutes after eating the dinner he broke out in a sweat, felt weak and nauseated and started to vomit. His wife called and made an appointment to see the family doctor at his office. The wife drove the plaintiff to the doctor who examined him and charged him $5.00. He prescribed some pills which plaintiff purchased at a drug store for $3.00. He took about 6 of these pills at intervals prescribed. He was unable to go to work that day and lost $30.00 in wages as a result. He remained somewhat nauseous for a day or two but did not vomit again and returned to work the next day and continued to work thereafter. For 4 or 5 days he had no appetite and sustained himself by consuming soup. For about a week thereafter he ate on a limited basis. He had some pain in his stomach for about 5 days and then it let up. However, thereafter he had recurring sharp pains in his stomach and chest at various intervals for 1 month after eating the chicken dinner. He made one trip to the doctor as a result of these chest pains. The doctor gave him a shot and charged him $5.00, but prescribed no medicine. After 1 month these intermittent pains disappeared and he has had no trouble since. He lost only 1 day's work.

To summarize, it appears from the plaintiff's deposition that after eating the chicken dinner he became weak, nauseated and vomited and went to a doctor. He lost 1 day's work. He lost his appetite for 4 or 5 days and for a period of about a month had intermittent pains in his stomach and chest, for which he made one visit to the doctor. His medical expense and loss of income totaled $43.00. He claims no permanent impairment or disability.

Under these facts it appears as a legal certainty that the plaintiff could not recover damages in the sum of $10,000.00. Should a jury award damages in excess of $10,000.00 the Court would obviously have to grant a remittitur reducing the award to an amount much less than $10,000.00.

It is therefore clear that this case should never have been brought in this Court. This is one of a growing number of diversity cases which fail in jurisdictional amount but are nevertheless brought in this court because plaintiffs attorneys appear to prefer the Federal practice and procedure.

No adequate sanctions exist to prevent the Federal courts from being burdened with these cases. However, where as here, it is clear that the liability, if any, would only sustain a judgment far less than the jurisdictional amount fixed by Congress, then it is appropriate to dismiss the action for lack of jurisdiction without awaiting a trial.

Olster v. Kiamesha Concord, Inc., 232 F.Supp. 393 (S.D.N.Y.1964). Rubel v. Grossman, 235 F.Supp. 447 (E.D.Pa. 1964).