Mary DOWLING and James Dowling,
her husband, Plaintiffs,

v.

J. C. PENNEY COMPANY, Defendant.

Civ. A. No. 67–992.

United States District Court
W. D. Pennsylvania.

June 9, 1969.

Richard DiSalle, Canonsburg, Pa., for plaintiffs.

Stein & Winters, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

Defendant's Answer in this case raised the defense of lack of jurisdictional amount in controversy, and this was repeated in the pretrial narrative. Under the pretrial rules of this court after all discovery is closed the parties must file a pretrial narrative statement and a pretrial stipulation covering all of the issues, evidence, witnesses, exhibits, itemization and damages which will be presented at trial, and by which they are limited and bound. This is supplemented by a recorded pretrial conference. The issue of the requisite jurisdictional amount was considered at the pretrial conference.

This is a diversity action founded on oral defamation. No evidence has been advanced by plaintiff as supporting the counts for assault and battery or false imprisonment. The shortest recital of the event on which the claim is based will serve our purpose because the issue here is damages. Plaintiff (herein used to designate wife-plaintiff, the plaintiff husband's cause of action is derivative) was approached in a neighboring shoe store by a clerk employed in defendant's nearby store. The clerk was accompanied by a policeman. The clerk said that plaintiff was the woman who had stolen a purse, pointing her out to the policeman. The policeman immediately recognized plaintiff as someone he knew, but on plaintiff's insistence he looked at her proffered purse, saw that it was well worn and told defendant's clerk that a mistake had been made, and apologized to plaintiff. The reason for the mistake became apparent when it was seen that an unidentified sales tag had become stuck to plaintiff's purse.

The only persons immediately present were plaintiff, the defendant's clerk, the policeman, and plaintiff's sister-in-law who was the Assistant Manager of the shoe store which plaintiff was visiting at the time of the incident. Plaintiff can present no evidence of anyone who overheard the incident except possibly a stock boy in the shoe store who was standing near enough to observe the participants.

In the determination of the present issue we are dealing solely with the issue of damages.

Plaintiff's pretrial narrative and the pretrial stipulation asserts that no claim is being made for loss of income and no claim for special damages, except for a bill of Dr. Ruben in the amount of $50. Defendant disputes the causal relation of this bill to the injury because plaintiff had been regularly treating with Dr. Ruben for the same condition prior to the event, and plaintiff's deposition showed a long prior history of these conditions.

Plaintiff in her deposition testified that the only ill effect of this incident on her were her own personal feelings and her health, that nothing anyone else had

done has hurt her in any way. (T. 51). Plaintiff also testified that she has not been denied employment since the incident, and she has not been denied admission to any social organization, that she has not been ignored by friends, that she has not noticed a change in anyone's attitude because "Nobody knows about it." (T. 50).

These are the factors which support a claim for general damages in a defamation suit. It is admitted that none are present here.

Her claim for special damages of $50 is supported by a letter of Dr. Ruben, attached to the pretrial statement. This recites that he had been treating plaintiff prior to this event for (1) arteriosclerotic heart disease with angina pectoris, (2) essential hypertension, and (3) exogenous obesity. The event in question occurred September 16, 1966. Dr. Ruben first saw her after this event on October 24, 1966. At that time he found her blood pressure high, her weight increased and she complained of severe headaches. He saw her three more times up to June 13, 1967 at which time he considered that her condition had been stable for the prior six months. It is apparent that these four visits after the event of September 15, 1966 provides the bases for the $50 claim.

Dr. Ruben's opinion on the connection between the event and the possible aggravation of her condition as a result thereof is extremely weak and is doubtful under the standards of medical certainty, but for the purpose of this decision we will assume that he could so testify.

The $50 was the total of special damages that plaintiff can produce. Under this state of the evidence at the pretrial conference we informed plaintiff's counsel that we were convinced to a legal certainty that the claim could not possibly reach the jurisdictional minimum.

Nevertheless, because dismissal for jurisdictional purposes would probably extinguish any claim that plaintiff might have in a proper state court because of the bar of the statute of limitations, we granted plaintiff's motion for leave to file supplemental pretrial reports on plaintiff's medical condition in support of the damage claim. This leave was granted on plaintiff's counsel's representation that plaintiff was receiving additional medical treatment without cost in an army out-patient clinic as a military dependent.

■ Plaintiff's supplemental pretrial material is entirely insufficient. It consists of a letter from a Dr. Slone which reveals that he never treated or examined plaintiff but relied for his opinion on the prior report of Dr. Ruben and some notes of visits by plaintiff to the army out-patient clinic. Based on these and an account of the incident furnished by plaintiff's counsel, he expresses an opinion that the incident as described aggravated plaintiff's pre-existing heart condition and hypertention and that this aggravation will continue over a long period of time. What Dr. Slone reviewed were a series of notes of visits of plaintiff to an army out-patient clinic attached to his letter. They generally reveal that the visits were routine checkups for her long-standing cardiac complaints, hypertension and obesity. Most of the visits are noted solely for having prescriptions refilled. They note frequently that plaintiff had no complaints, that the hypertension was well-controlled, but the weight control problem was a continuing battle. We find nothing in them to support Dr. Slone's second-hand opinion of causal relation and aggravation. Because the reports contain no record of her prior long-standing medical history and there is no showing that this was known to or considered by him, there is nothing to give Dr. Slone a basis of comparision. We cannot accept the proffer of Dr. Slone as an additional damage witness as a good faith showing of a claim approaching the jurisdictional amount.

Assuming that plaintiff establishes liability and even assuming that plaintiff can establish a causal relation between the incident and her medical condition after the event there is still no

evidence to support a claim for money damages for personal injury which approaches the jurisdictional minimum.

To enable a reviewing court to determine the basis of our conclusion, we will state that we have carefully reviewed the entire docket file, including the report of Dr. Ruben, the report of Dr. Slone and the notes of out-patient visits of plaintiff to the army clinic. We have also reviewed fully the entire deposition testimony of plaintiff, consisting of 57 pages, in which she testifies to extensive medical treatment for her present complaints for ten years before the Penney incident.

Article III of the United States Constitution limits the inferior federal courts to that jurisdiction which has been specially conferred on them by Congress. The Congressional mandates require, with regard to many classes of cases, a certain minimum amount in controversy. In a diversity action such as this, that amount must exceed $10,000. 28 U.S.C. § 1332(a).

The burden of establishing the requisite jurisdictional amount, when this amount is controverted, falls upon the plaintiff who asserts jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 [1936]. Jurisdictional statutes are to be strictly construed and doubts resolved against federal jurisdiction. Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248 [1934]. The trial judge has the power to determine the facts requisite to jurisdiction. Wetmore v. Rymer, 169 U.S. 115, 18 S.Ct. 293, 42 L.Ed. 682 [1898]. However, the determination of jurisdictional issues must always be such as to enable a reviewing court to ascertain whether the evidence supports a trial judge's findings. Jaconski v. Avisun Corp., 359 F. 2d 931 [3rd Cir., 1966]; Behroozi v. James, 220 F.Supp. 767 [E.D.Pa. 1963].

In a series of cases involving personal injury and its after effect, which is essentially the element of damages asserted here, the federal courts have denied jurisdiction where the provable special damages are small. Rubel v. Grossman, 235 F.Supp. 447 [E.D.Pa., 1964]; Behroozi v. James, supra; Gray v. Occidental Life Ins. Co. of Cal., 387 F.2d 935 [3rd Cir., 1968]; Matthiesen v. Northwestern Mutual Ins. Co., 286 F.2d 775 [5th Cir., 1961]; Bell v. Mykytiuk, 135 F.Supp 167 [E.D.Pa., 1955]; Lobianco v. Valley Forge, Military Academy, 224 F.Supp. 395 [E.D.Pa., 1963], affirmed on other grounds, 331 F.2d 851 [3rd Cir., 1964]; Sobel v. National Fruit Produce Company, 213 F.Supp. 564 [E.D.Pa., 1962]; Ogden v. Cox, 294 F.Supp. 810 [N.D.Ga., 1968].

We note that in Howarth v. Segal, 232 F.Supp. 617 [E.D.Pa., 1964], the court refused dismissal for lack of jurisdictional amount in a false arrest case where an arrest had been made, the plaintiff held in bail for the grand jury, news articles appeared with plaintiff's pictures, all of which supported the claim for general damages for harm to reputation. In the present case such general damages are expressly denied by the plaintiff's own statement.

We have given plaintiff every opportunity to present evidence which would support her claim for damages. Ordinarily the amount claimed in the complaint will govern the question of the jurisdictional amount and the uncontroverted allegations of the jurisdictional amount is sufficient under Rule 8(a) (1) of the Fed.R. of Civ.P., but where it is obvious that the claim is merely colorable and could not have been made in good faith the court is bound to say so. Rubel v. Grossman, supra.

The basic criterion for determining a "good faith" allegation is that it must appear to a "legal certainty" that the claim is for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 [1938].

"It follows, therefore, that in order to find a plaintiff's claim lacking in 'good faith', the court must be able to conclude from the record before him that the plaintiff cannot recover a sum by way of damages above the $10,000

jurisdictional floor." Jaconski v. Avisun, supra, 359 F.2d at p. 935.

The Court in the *St. Paul Mercury Indemnity Co.* case held that if from the proofs the court is satisfied to a like certainty, that is legal certainty, that the plaintiff was never entitled to recover the jurisdictional amount, and that the claim was, therefore, colorable for purposes of conferring jurisdiction, the suit will be dismissed.

Plaintiff's own treating physician states in his medical report that plaintiff's condition had been stable for six months prior to April 1967. The army medical reports submitted in Plaintiff's Supplemental Pretrial Narrative show routine visits to the clinic which began in August of 1967 and continued to the present, with very little if any change in plaintiff's condition.

■ Because of plaintiff's own testimony that she has lost no income from the events complained of, that no one knows about the incident, that none of her friends or associates have ever changed their conduct or attitude toward her and that her only complaint is that the incident aggravated a pre-existing medical condition which, from all the medical reports, had a very minor effect on plaintiff for a very short period of time, we feel that plaintiff's case could never in good faith have brought a recovery in excess of $10,000 and find to a legal certainty that the jurisdictional amount was never present and that the only purpose in initiating this suit was to obtain access to the Federal courts.

■ While plaintiff's complaint originally claimed punitive damages, we can see no bases in the evidence plaintiff intends to submit to support such a claim. Nevertheless, in determining the question of the jurisdictional amount, we also took into consideration plaintiff's claim for punitive damages because exemplary damages may be considered in the computation of the jurisdictional limit. Bell v. Preferred Life Assurance Society, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 [1943].

■ In order to recover punitive damages, Pennsylvania law requires that there must be a showing of actual damages and if punitive damages are recovered they must bear a reasonable relationship to the actual damages. In the absence of actual damages there is no basis by which the reasonableness of punitive damages can be measured. Weider v. Hoffman, 238 F.Supp. 437 [M. D.Pa., 1965].

We have already determined that plaintiff's actual damages are insufficient to meet the jurisdictional amount. In order to bear a reasonable relationship to the actual damages a claim for punitive damages for the jurisdictional amount would be frivolous and without foundation. Gray v. Occidental Life Ins. Co. of Cal., 387 F.2d 935 [3rd Cir., 1968].

Plaintiff in Gray v. Occidental, supra, appealed the District Court's dismissal of his disability insurance policy claim. The Court of Appeals held that the $10,-000 jurisdictional amount was not present where at the commencement of the action plaintiff's actual damages were $2,242 and alleged punitive damages of $25,000. The court found that plaintiff, to a legal certainty, could not recover the jurisdictional amount and that the claims for punitive damages were frivolous and, therefore, were not considered in computing the jurisdictional amount.

■ We find to a legal certainty that any additional recovery of punitive damages, in order to bear a reasonable relationship to the actual damages, would never reach a total of all damages sufficient to reach the jurisdictional requirement.

### ORDER

And now this 9th day of June, 1969, the within action of the plaintiffs is dismissed for lack of the necessary jurisdictional amount in controversy and it is ordered that judgment be entered for defendant.