William S. TURNER, Plaintiff,

v.

GOVERNMENT EMPLOYEES FINAN-
CIAL CORPORATION, Defendant.

Civ. A. No. 72–399.

United States District Court,
W. D. Pennsylvania.

Dec. 6, 1972.

**182**

---

William S. Hays, Pittsburgh, Pa., for plaintiff.

Herbert Bennett Conner, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

This is a diversity action alleging an invasion of privacy and interference with plaintiff's employment rights. Plaintiff's complaint alleges that he became delinquent to the extent of three monthly payments to defendant on an installment loan contract, and that the defendant sent letters to plaintiff's employer (the United States Internal Revenue Service) advising it of the plaintiff's delinquency. (While plaintiff's complaint and brief recite letters, the evidentiary materials display only one letter).

Plaintiff asserts that this is an invasion of his right of privacy and that defendant's action was an unreasonable interference with that right because it was an attempt to bring the pressure of the federal government to bear on him and to force payment of the debt.

Plaintiff alleges damages involving emotional distress and possible interference with his future employment prospects.

Defendant has moved to dismiss under Fed.R.Civ.P. 12 for failure of the complaint to state a cause of action, and for failure to meet the required jurisdictional minimum. Evidentiary materials in support of and in opposition to the motion have been submitted and, there-fore, under Fed.R.Civ.P. 12 we treat this as a motion for summary judgment.

Although this is a diversity action, controlled by the law of Pennsylvania, we have not only examined the Pennsylvania cases but also reported cases from other jurisdictions covering this cause of action. This cause of action is of recent historical growth and the text writers and the opinions of other jurisdictions give some guidance in the matter.

No Pennsylvania case and none from any other jurisdiction has held that a communication from a creditor to a debtor's employer informing him of the debtor's default, delinquency or failure to pay a debt constitutes an unreasonable invasion of the creditor's privacy. In fact cases from various jurisdictions have specifically rejected such a communication as the basis of a cause of action for invasion of privacy. In Cunningham v. Securities Investment Co. of St. Louis, 278 F.2d 600 [5th Cir. 1960] the court affirmed the granting of a summary judgment in a case involving invasion of privacy where the creditor placed one telephone call to the debtor's doctors. The court said:

> " . . . [A] creditor has a right to take reasonable, that is non-oppressive, action to pursue his debtor and persuade payment, although the steps taken may result in actual but not actionable invasion of the debtor's privacy." (P. 604)

While the Restatement Torts, Vol. 4, Sec. 867 [1939] defines the cause of action for invasion of privacy as "A person who unreasonably and seriously interferes with another's interest in not having his affairs known to others or his likeness exhibited to the public is liable to the other" the text writers have limited this somewhat. In Prosser, Law of Torts [3d ed. 1963] invasion of privacy is more limited:

> "Some limits of this branch of the right of privacy appear to be fairly marked out. The disclosure of the private facts must be a public disclosure, not a private one; there must

be, in other words, publicity. It is an invasion of his rights to publish in a newspaper that the plaintiff does not pay his debts, or to post a notice to that effect in a window on the public street, or to cry it aloud in the highway, but not to communicate the fact to the plaintiff's employer (citing cases) or to any other individual, or even to a small group, unless there is some breach of contract, ·trust or confidential relation which will afford an independent basis for relief." (p. 835).

In Household Finance Corp. v. Bridge, 252 Md. 531, 250 A.2d 878 [1969] the court reversed a jury verdict for the plaintiff and entered judgment for the defendant stating that two or three telephone calls to the debtor's employer was not enough to constitute an invasion of privacy.

Two federal district courts have granted summary judgments based on factual situations similar to the instant case. In Harrison v. Humble Oil & Refining Co., 264 F.Supp. 89 [S.C.1967] the facts established that the creditor made one call to plaintiff's employer. The court held that:

"The mere communication to the debtor's employer of the existence of the debt is not an unreasonable intrusion and will not support an action." (P. 92)

In Berrier v. Beneficial Finance, Inc., 234 F.Supp. 204 [N.D.Ind.1964] the court granted summary judgment when the facts disclosed that the creditor made two telephone calls and wrote one letter to the plaintiff's employer asking the employer to speak with the debtor to get her to pay the debt. The court found the defendant creditor's actions reasonable as a matter of law.

 The facts in the case at bar do not prove an unreasonable intrusion into the privacy of the plaintiff. In response to the defendant's motion, plaintiff has produced no facts that would place the present communication outside the bounds of reasonable efforts to collect a debt. There is no evidence of harassment, oppression or malice. Although plaintiff alleged that letters (sic) were sent to the employer, the evidentiary material reveals one letter only. Despite the allegation of plaintiff's complaint that the defendant did not communicate in any way with plaintiff regarding the alleged delinquency prior to sending the aforesaid letters (sic) to plaintiff's employer, the evidence shows that repeated delinquency notices were sent to plaintiff's residence, were received by either him or his wife, and in one instance acknowledged telephonically by plaintiff.

Plaintiff argues that defendant did not inform him at the time of signing the loan agreement that it would notify his employer of any ·delinquency. We cannot see the relevance of this allegation, as the evidentiary materials submitted here show that several other creditors of plaintiff have also had to resort to notices to plaintiff's employer in aid of collection. Plaintiff was well aware of this practice.

Plaintiff also argues that defendant's action is oppressive because in dealing with government employees it was aware that notices of debt delinquency with regard to employees of the Internal Revenue Service could lead to oral or written reprimand, denial of advancement or pay increase, suspension and discharge, under the Rules of Conduct prescribed for employees of the Internal Revenue Service. While this is a bare allegation of plaintiff, we may accept it as a fact inference from the evidence that defendant is an organization which specializes in credit and financing services to government employees. Presumably these are considered good credit risks because of such regulations.

The motion to dismiss for failure to state a cause of action will be granted.

 With respect to the required showing of the jurisdictional amount the plaintiff's initial response to defendant's motion was inadequate to carry his burden. When challenged the burden of establishing the requisite jurisdictional amount falls upon the plaintiff who as-

serts jurisdiction, McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 [1936], and the power to determine the facts requisite to jurisdiction is vested in the trial judge, Wetmore v. Rymer, 169 U.S. 115, 18 S.Ct. 293, 42 L.Ed. 682 [1898]. Jurisdictional statutes are to be strictly construed and doubts resolved against federal jurisdiction. Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248 [1934]; Nelson v. Keefer, 451 F.2d 289 [3d Cir. 1971]; Dowling v. J. C. Penney Co., 300 F.Supp. 307 [W.D.Pa.1969].

When plaintiff's response to the motion consisted of allegations as to damages we required a further response supported by evidentiary materials. These have been provided by affidavits and depositions.

The evidence shows that plaintiff spent $50 to consult with his present attorney on the matter, a doubtful item of allowable damages, and that he paid $6 to a physician who prescribed tranquilizers for nervous tension. The remainder of the damages according to plaintiff's affidavit are the entirely speculative possibilities of loss of employment or loss of promotional opportunity. These are not facts.

Defendant has countered with the deposition evidence of two of plaintiff's supervisors who saw the letter, secured plaintiff's assurance that the matter would be taken care of, and then closed the matter and destroyed the letter. They testified that no further action is contemplated, that the matter will not affect plaintiff's performance record for promotion or salary increases, and that since the letter plaintiff has received a salary increase and a superior service award. Even plaintiff's speculations about a possible adverse effect has been shown to be without foundation in fact.

In any event plaintiff's possible discharge or demotion in the service would not be the result of the defendant's letter, but the result of an administrative action by his employer based on evidence of plaintiff's failure, neglect or refusal to pay his debts, after notice to plaintiff of such action and hearing thereon. It is doubtful that any damages resulting from a discharge would be the result of the letter, even if the letter were to give rise to any administrative action. Nor, in the event of such administrative action could we separate the consequences flowing from defendant's letter from those letters of other creditors sent to plaintiff's employer prior to the present instance.

■■ Although the fact that plaintiff suffered no pecuniary harm is not essential to his cause of action for invasion of privacy if the other conditions are met, [Restatement Torts, Vol. 4, Sec. 867, comment d [1939]], nevertheless we are considering whether the damages, nominal, compensatory and punitive, which all must bear a reasonable relation to each other, can possibly reach the required minimum of $10,000 for jurisdictional purposes. We are convinced by the evidence produced here that they cannot.

The motion to dismiss for lack of jurisdiction will be granted.

Since the argument of December 4, 1972 on this matter we have received plaintiff's counsel's letter of December 5, 1972 stating that he had received no notice of the hearing set for December 4, 1972, and was unprepared to present the matter fully at that time.

Our records indicate that the order and notice for hearing arguments was mailed the prior week and the opposing counsel did receive his copy. However, in examining the file on this matter we note that the defendant filed its original motion to dismiss in July 1972, and that the court ordered briefs to be filed by defendant on August 4, 1972, and by plaintiff on August 11, 1972, with the admonition that the court would consider the matter on briefs without the necessity of oral argument. These briefs were filed and considered by the court.

On August 22, 1972, the court issued a memorandum to counsel stating that the plaintiff's response to the motion to

dismiss for lack of the jurisdictional amount was insufficient and allowed the parties further time to submit any briefs and evidentiary material on the jurisdictional amount question.

Plaintiff's Response was filed on October 2, 1972 and contained voluminous evidentiary material on plaintiff's administrative proceedings before the Internal Revenue Service in 1966 when he was suspended for non-payment of debts. We cannot see how any of this would be relevant or admissible in the present case. On October 17, 1972 the court approved a stipulation of counsel giving the defendant an enlargement of time to file its evidentiary material until November 15, 1972. During this additional period the defendant took certain depositions which were filed with the Clerk. Assuming that all of the defendant's material on the question of jurisdictional amount was filed, the court on November 30, 1972 ordered the matter down for argument December 4, 1972.

All of the matters which are raised in the letter of December 5, 1972 relate to plaintiff's damage claim. We had already determined that the facts pleaded and produced in support of plaintiff's claim did not constitute a cause of action upon which relief could be granted. In addition we are of the opinion that the plaintiff does not now have a claim for damages that can possibly approach the necessary jurisdictional minimum.

The plaintiff has had ample opportunity up to this date to file the necessary evidentiary material in support of his claim for damages, but everything shown to the court at this stage demonstrates that the claim for damages by reason of any effect on plaintiff's employment is entirely speculative and without any evidentiary support. On the contrary, defendant has produced credible and competent evidence that no such damages will accrue.

It may be that plaintiff's complaint was prematurely filed and that the damages which plaintiff argues might possibly flow from the incident will occur within the period of the statute of limitations, but the inescapable fact as of this date is that no such damages have occurred and further that no such adverse action as plaintiff argues is even contemplated by any party who would normally institute such action.

For the foregoing reasons and treating the plaintiff's letter of December 5, 1972 as a motion for further argument, the court is of the opinion that the action taken by the order of court of this date is properly entered.