**REDEVELOPMENT AUTHORITY OF the CITY OF PHILADELPHIA**

v.

**CITY OF HOPE NATIONAL MEDICAL CENTER.**

Civ. A. No. 74–2408.

United States District Court,
E. D. Pennsylvania.

Oct. 31, 1974.

Donald Strumph, Philadelphia, Pa., for plaintiff.

Harry Lore, Philadelphia, Pa., for defendant.

## MEMORANDUM

GORBEY, District Judge.

Plaintiff, Redevelopment Authority of the City of Philadelphia, is an instrumentality of the City of Philadelphia, a municipal corporation of the Commonwealth of Pennsylvania. Plaintiff has filed a motion to remand to the Court of Common Pleas of Philadelphia County, the cause of action which had been removed to this court by the defendant, a California corporation.

The motion to remand is based upon the contention that this court lacks original jurisdiction because the amount in controversy is not in excess of $10,000 as required by 28 U.S.C. § 1332, although diversity of citizenship is conceded.

The petition for removal is accompanied by a surety bond as required by 28 U.S.C.A § 1446(d).

The action was commenced with no offer of compensation by plaintiff's petition for a writ of possession of premises 929 Filbert Street, 4th Floor, Philadelphia, Pennsylvania, defendant being in possession by virtue of a ten year lease which had seven years to go at the time plaintiff obtained title to the property by virtue of condemnation proceedings.

Plaintiff contends that the amount in controversy must be determined from the face of the complaint and no claim therein is made for damages.

Plaintiff, in support of its claim that the amount in controversy does not exceed $10,000 exclusive of interest and costs, points out that defendant by its answer sets up three items which it claims have an aggregate value in excess of $10,000: its seven year leasehold interest, fixtures, and dislocation damages under § 601–A(b)(3) of the Eminent Domain Code of Pennsylvania.

1. Plaintiff denies any liability on the ground that paragraph 22 of the lease which is attached as Exhibit "A" to plaintiff's supplemental memorandum of law in support of motion to remand provides that the lease shall terminate as of the date that title vests in the condemner. Scholls' Appeal, 292 Pa. 262, 141 A. 44 (1928).

2. Also, paragraph 9(d) of the lease provides *inter alia* that all alterations, improvements, additions or fixtures made by the defendant "shall remain upon the premises at the expiration of the lease *or sooner determination of this lease* and become the property of Lessor, unless Lessor shall, prior to the determination of this lease, have given written notice to the Lessee to remove the same in which case Lessee will remove such alterations . . . ". (Emphasis added) Exhibit "A" to plaintiff's supplemental memorandum of law in support of motion to remand.

3. With respect to statutory business dislocation damages, plaintiff relies upon § 601–A(b)(3) of the Eminent Domain Code of Pennsylvania which provides for damages of not more than $10,000 if the business (i) cannot be relocated without a substantial loss of its existing patronage, and (ii) is not a part of a commercial enterprise having

at least one other establishment not being acquired by the acquiring agency, which is engaged in the same or similar business. Plaintiff contends that the two conditions precedent cannot be satisfied. Therefore, no damages would be payable under this section.

The above three contentions have been met by the defendant's arguments as follows:

(1) While paragraph 9(d), the condemnation clause in the lease, is valid as between lessor and lessee, 2 Nichols, Eminent Domain, § 5.83 [2] (1974 Ed.), it cannot constitutionally be enforced by the plaintiff against the tenant, under a line of cases including Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948); Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

(2) Defendant, in response to plaintiff's reliance upon paragraph 9(d) and its assertion that the fixtures and improvements became the property of the lessor because lessor did not give written notice *prior to determination of the lease,* to the lessee to remove the same, contends that the condition precedent was satisfied as shown by the affidavit of Louis J. Solomon, Administrator of the program of the defendant, Medical Center.

Since the plaintiff obtained title to the property by declaration of taking filed on October 31, 1973, it would appear that it would be necessary to show that the written notice, if any, of the lessor was given to defendant prior to that date. An examination of the affidavit filed by the defendant with its Exhibit "A", a letter dated April 25, 1974, and signed by Alan J. Swates, representing the former owner, and addressed to the Redevelopment Authority of the City of Philadelphia stated:

"The property was condemned by the Redevelopment Authority on October 31, 1973. *At this time my clients, the former owners,* have no objection to the removal by the City of Hope of any or all of the improvements which they made at the inception of their lease." (Emphasis added)

It is perfectly obvious that the affidavit and letter attached thereto do not comply with the condition precedent referred to.

Defendant, however, also urges that applying paragraph 9(d) in favor of the plaintiff, thus denying defendant compensation for the value of his improvements which according to the appraisal attached to defendant's answer is $37,580.00 on the basis of reproduction cost new, and $24,600.00 fair market value in place, would also be unconstitutional under both the Fifth and Fourteenth Amendments of the United States Constitution.

■ Ordinarily the amount in controversy is determined by the allegations of the plaintiff's complaint if it sets up the amount in controversy, and if it does not, the court may look at the petition for removal. Davenport v. Proctor & Gamble Manufacturing Co., 241 F.2d 511 (2d Cir. 1957); Dane v. Southwestern Bell Telephone Company, 352 F.Supp. 257 (W.D.Okla.1972).

■ In actions seeking injunctive relief the amount in controversy is measured by the value of the right to be protected or the value of the object to be gained. Absolute certainty in evaluation of the right involved is not required, and the reasonable probability of an amount in controversy exceeding the requisite jurisdictional amount suffices if the amount can be ascertained pursuant to some realistic formula. Dreyer v. Jalet, 349 F.Supp. 452 (S.D.Tex. 1972).

From the pleadings and related papers to date it appears that plaintiff's petition for a writ of possession, if granted, would deprive defendant of property rights worth more than $10,000.00 exclusive of interest and costs, based upon the value of the leasehold interest of de-

fendant and of the improvements, if defendant should be successful in attacking the constitutionality of a taking by the plaintiff without compensation, under paragraphs 9(d) and 22 of the lease.

Since the merits of a plaintiff's claim cannot be determined on a motion to remand, Rosecrans v. William S. Lozier, Inc., 142 F.2d 118, 124 (8th Cir. 1944), which would require the determination of the constitutional issue raised by the defendant, it appears that on the basis of the entire record it cannot reasonably be held that recovery of the requisite jurisdictional amount is a legal impossibility, as respects either the leasehold interest of the defendant or the addition and improvements made by the defendant. Martin v. Western Union Telegraph Co., 57 F.Supp. 521 (D.C. Wis.1944); Cannon v. United Insurance Company of America, 352 F.Supp. 1212 (D.C.S.C.1973); Turmine v. West Jersey and Seashore R. Co., 44 F.2d 614 (D.C.Pa.1930).

In this situation it becomes unnecessary to discuss claim number 3 for statutory business dislocation costs.

The conclusion is therefore that plaintiff's motion to remand must be denied.