**UNITED STATES JAYCEES, Plaintiff,**

v.

**The SUPERIOR COURT OF the DISTRICT OF COLUMBIA et al., Defendants.**

Civ. A. No. 79–3400.

United States District Court, District of Columbia.

June 20, 1980.

Robert J. Corber, Washington, D. C., Carl D. Hall, Jr., Tulsa, Okl., for plaintiff.

Rose Grant Tyson, Scott Schoenfeld, Washington, D. C., for defendants.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiff, the United States Jaycees (U.S. Jaycees), brings this action for injunctive and declaratory relief, alleging deprivation of the constitutional rights of its members. The case is before the Court on plaintiff's motion for a preliminary injunction and defendants' motions to dismiss.

### I

Plaintiff in this action was previously named as a defendant in a suit instituted in the Superior Court of the District of Columbia by some of the parties who are defendants here. Plaintiffs in the prior action were five women who are members of the local chapter of the U.S. Jaycees, the Downtown Jaycees. They sued both the national organization, the U.S. Jaycees, and the state-level organization, the District of Columbia Junior Chamber of Commerce, contending that the restriction of individual membership to men only, with the availability of Associate Member status for women, violated various provisions of the District of Columbia Human Rights Act of 1977 (the Act). The Superior Court found for plaintiffs and issued a preliminary injunction prohibiting the U.S. Jaycees from discriminating in its membership policy on the basis of sex, or from taking any action revoking the charters of local chapters. That ruling is presently on appeal before the District of Columbia Court of Appeals.

The U.S. Jaycees then filed this action, asserting that the Superior Court's construction of the Act deprived its members of freedom of association and due process

accorded by the Constitution. Named as defendants are the Superior Court of the District of Columbia, the Government of the District of Columbia, and the five women who were plaintiffs in the prior case. This action seeks a judgment declaring the Act unconstitutional as applied to the U.S. Jaycees. It also seeks to enjoin all defendants from enforcing or attempting to enforce the Act against the U.S. Jaycees on the basis of its membership policy.

## II

■ Plaintiff states that jurisdiction is founded upon federal question, 28 U.S.C. § 1331, and diversity, 28 U.S.C. § 1332, both of which require that the amount in controversy exceed $10,000. The burden of establishing the amount rests with the party claiming jurisdiction, and the court may at any time question whether the requirement has been met. *King v. Morton*, 520 F.2d 1140, 1145 (D.C.Cir.1975). The amount must be present in actions seeking only injunctive and declaratory relief, regardless of the difficulty of valuation. *Id.* However, the standard which must be met is not high. An assessment must be made of the value of the right plaintiff seeks to protect, or of the cost to defendant of correcting the alleged wrong. *Smith v. Washington*, 593 F.2d 1097, 1099 (D.C.Cir.1978). The action will not be dismissed unless it appears "to a legal certainty" that the amount does not exceed $10,000. *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 346, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977).

■ Plaintiff asserts that the amount in controversy here exceeds $10,000, but has not made the clear cut presentation required by *Gomez v. Wilson*, 477 F.2d 411, 420 (D.C.Cir.1973). The right plaintiff seeks to protect is the right to freedom of association and to due process in the operation of a voluntary service organization. It has not shown that this right should be or can be valued at more than $10,000. No pecuniary interests in any contracts directly at issue have been demonstrated, *see Junior Chamber of Commerce of Kansas City, Mo.*

*v. Missouri State Junior Chamber of Commerce*, 508 F.2d 1031 (8th Cir. 1975); nor are any federal funds or tax exemptions at issue. *See New York City Jaycees, Inc. v. U.S. Jaycees, Inc.*, 512 F.2d 856 (2d Cir. 1975); *Junior Chamber of Commerce of Rochester, Inc. v. U.S. Jaycees, Tulsa*, 495 F.2d 883 (10th Cir. 1974), *cert. denied*, 419 U.S. 1026, 95 S.Ct. 505, 42 L.Ed.2d 301 (1975). Plaintiff has not expressly established that costs to plaintiff if the Act is enforced or costs to defendant if the Act is not enforced would reach the required amount. Further, it has not shown that the right or the harm is of the type that has been found sufficient for establishing jurisdiction, such as deprivation of liberty. *See Lister v. Commissioners Court, Navarro County*, 566 F.2d 490, 492 (5th Cir. 1978); *Giancana v. Johnson*, 335 F.2d 366, 369 (7th Cir. 1964); *Sheehan v. Miller*, 410 F.Supp. 1238, 1239 (W.D.Va.1974), *aff'd per curiam*, 538 F.2d 325 (4th Cir. 1976); *cf. Smith v. Washington*, 593 F.2d 1097, 1101 (D.C.Cir. 1978). It is thus evident to a legal certainty that plaintiff's claim is not worth more than $10,000.

## III

■ Even if the case were properly before the Court, the doctrine of abstention would require that the case be dismissed. Founded upon principles of comity and federalism, abstention is a judicially created discretionary restraint upon the exercise of a federal court's power. The extent to which the doctrine is applicable to the District of Columbia is a question that has not been settled in this Circuit. *Campbell v. McGruder*, 580 F.2d 521, 525 (D.C.Cir.1978); *Sullivan v. Murphy*, 478 F.2d 938, 962 n. 35 (D.C.Cir.1973), *cert. denied*, 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125. *Compare Halleck v. Berliner*, 427 F.Supp. 1225, 1239 (D.D.C. 1977) (court would not abstain) *with Assn. of Court Reporters of Superior Court v. Superior Court for the District of Columbia*, 424 F.Supp. 90, 95–6 (D.D.C.1976) (abstention doctrine adhered to). It has been stated that because District of Columbia courts are not state courts, the demands of feder-

alism are less pressing, and abstention should thus apply with less force. *Halleck v. Berliner*, 427 F.Supp. 1225; 17 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 4242 (1978). But it is also evident that Congress in creating the local courts intended them to be analogous to state courts. *District of Columbia Court Reform and Criminal Procedures Act of 1970*, D.C. Code (1973) §§ 11–101 *et seq.* For example:

> Upon completion of the three stages of transfer of jurisdiction the United States District Court for the District of Columbia will be on a par with other United States District Courts, exercising federal jurisdiction only, and the Superior Court of the District of Columbia will have all purely local jurisdiction.

> .    .    .    .    .

> The jurisdictional changes will result in a Federal-State court system in the District of Columbia analogous to court systems in the several States.

H.R.Rep.91–907, 91st Cong., 2d Sess. 34–35 (1970); *see also* S.Rep.91–405, 91st Cong., 1st Sess., 5 (1969); Williams, District of Columbia Court Reorganization, 59 Geo.L.J. 477, 490 (1971). In view of such clearly expressed Congressional intent, and general notions of comity, the federal courts of the District of Columbia should depart from normal principles of comity only if unusual conditions exist.

▮▮▮ At least two elements of the abstention doctrine apply here. The first was articulated in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), which held that federal courts should not decide a case if unsettled questions of state law might dispose of the action and thereby avoid deciding a federal constitutional question. In this action, the District law, although in the final analysis a United States law, is comparable to a state law in that it is authoritatively interpreted, at least at the local level, not by United States Courts, but by the District of Columbia Court of Appeals. *United States v. Peterson*, 483 F.2d 1222, 1235 n. 85 (D.C.Cir. 1973), *cert. denied*, 414 U.S. 1007, 94 S.Ct. 367, 38 L.Ed.2d 244; *Gillis v. United States*,

400 A.2d 311, 313 (D.C.App.1979). Any decision by this Court or the United States Court of Appeals regarding local law would not be binding on the District of Columbia Court of Appeals. *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C.App.1971). Because it is by no means clear that the Act is applicable to voluntary service organizations, the District of Columbia Court of Appeals may well interpret the Act in a manner favorable to the plaintiff. That would make its claim in this court moot and avoid a constitutional adjudication, precisely the situation envisioned by *Pullman*. Moreover, abstention is especially appropriate if, as here, there is a potentially dispositive local action already pending that eliminates the delay of commencing a new action. *Askew v. Hargrave*, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971); 17 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 4242, at 470, n. 49 (1978).

The second relevant element of the abstention doctrine arises out of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), which allows dismissal of a federal action if there is a duplicative state suit and if exceptional circumstances exist. *Id.* at 817, 96 S.Ct. at 1246. This principle contrasts with the normal rule permitting similar state and federal suits to proceed simultaneously. The present action is identical to the suit pending in the District of Columbia Court of Appeals: the facts are the same and the claims plaintiff brings here can be adjudicated there as defenses. Plaintiff has expressly reserved these defenses in the District of Columbia action; once they have been raised there, this suit will become entirely duplicative. The presence of an unsettled but potentially dispositive question of District of Columbia law, moreover, is an exceptional circumstance that justifies dismissal of this duplicative litigation.

In sum, deference to Congressional intent, economy of judicial administration, and general concepts of comity all require that abstention be applied in this case, and that the action be dismissed.

It appearing to the Court that subject matter jurisdiction does not exist, that the doctrine of abstention is applicable, and that defendants are entitled to judgment as a matter of law, defendants' motions to dismiss are granted.