**Paul HIRSCH, et al.**

v.

**JEWISH WAR VETERANS OF the UNITED STATES of America, et al.**

**Civ. A. No. 81–5041.**

United States District Court,
E. D. Pennsylvania.

March 31, 1982.

Norris E. Gelman, Gelman & Webster, Philadelphia, Pa., for plaintiffs.

Jack Litz, Philadelphia, Pa., for defendants.

MEMORANDUM

LOUIS H. POLLAK, District Judge.

This case stems from dissension in the ranks of the Jewish War Veterans [JWV] which resulted in the initiation of "court martial" proceedings by the JWV against 13 of its members. In an attempt to enjoin the JWV court from taking any action against them, the 13 dissident members initiated proceedings in the Court of Common Pleas of Philadelphia County, Pennsylvania, against the JWV, its officers, two individual members and their attorney. Plaintiffs

moved for a preliminary injunction and requested punitive damages for defendants' "improper, illegal and malicious conduct". The Pennsylvania court granted plaintiffs' request for a preliminary injunction, which temporarily stayed the court martial proceeding; it did not rule upon the propriety of the claim for punitive damages. Pursuant to 28 U.S.C. § 1441(a) and § 1446(a), the defendants removed the case to this court, predicating jurisdiction on diversity of citizenship, 28 U.S.C. § 1332(a).[1]

Before me now is plaintiffs' petition, pursuant to 28 U.S.C. § 1447(c), to remand this matter to the Pennsylvania court for lack of federal jurisdiction. Although plaintiffs concede that complete diversity exists, they contend that the amount in controversy does not meet the jurisdictional requirement of $10,000.

■ It is settled in the Third Circuit that the right of removal is decided by the pleadings, viewed as of the time when the petition for removal is filed. *Albright v. R. J. Reynolds Tobacco Co.*, 531 F.2d 132 (3rd Cir. 1976) cert. denied, 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976). Unless it appears to a legal certainty that the claim set forth in plaintiffs' pleadings is for less than the jurisdictional amount, the amount in controversy requirement will be deemed to be satisfied. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Mt. Healthy City School Dist. Bd. of Education v. Doyle*, 429 U.S. 274, 276, 97 S.Ct. 568, 570, 50 L.Ed.2d 471 (1977); *Culbreth v. Simone*, 511 F.Supp. 906, 911 (D.C.E.D.Pa.1981). Where, as here, injunctive relief is sought, the amount in controversy is measured by the value of the interest to be protected by the equitable relief requested. *See e.g. Spock v. David*, 469 F.2d 1047 (3rd Cir. 1972); *Gatter v. Cleland*, 87 F.R.D. 66 (D.C. E.D.Pa.1980); *Redevelopment Authority v. City of Hope National Medical Center*, 383 F.Supp. 813 (D.C.E.D.Pa.1974). Absolute certainty in valuation is not required. *Redevelopment Authority, supra*, 383 F.Supp. at 815.

In their motion for preliminary injunction, plaintiffs alleged that the institution of the JWV court martial proceedings caused injury to their reputations, and that the continued maintenance of the proceeding would threaten their reputations with further irreparable harm. Complaint ¶ 22. Moreover, it appears that the court martial proceedings could result, *inter alia*, in plaintiffs' dishonorable discharge from membership in the JWV, in their removal from office, in the imposition of fines,[2] or in forfeiture of any and all ranks held by them in that organization. Affidavit of Harris B. Stone, National Executive Director of JWV.

■ Although the protection of plaintiffs' respective interests in avoiding these results is difficult to value, such difficulty does not preclude a finding that the protected interest satisfies the amount in controversy requirement. *See, e.g., Illinois v. City of Milwaukee*, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972) (interest in the purity of interstate waters satisfies jurisdictional amount); *Weintraub v. Rural Electrification Administration*, 457 F.Supp. 78 (D.C.M.D.Pa.1978) (cultural, historical, and architectural value of building does not present non-justiciable problem of valuation); *Nguyen Da Yen v. Kissinger*, 70 F.R.D. 656 (D.C.N.D.Cal.1976) (interest of Vietnamese children in United States in being legally released for adoption satisfies amount in controversy); *but see United States Jaycees v. Superior Court of District of Columbia*, 491 F.Supp. 579 (D.C.D.C.1980) (action for injunctive relief for alleged sex discrimination in admission to membership not capable of valuation for purpose of satisfying amount in controversy).

The significance of the type of associational interests which are allegedly jeopardized in this case has been recognized by

---

1. Prior to the defendants' petition for removal, plaintiffs agreed to dismiss three non-diverse defendants. The current defendants are the JWV and four of its national officers.

2. Neither party has presented this court with any documentation which might indicate the maximum fines which may be levied upon plaintiffs.

the Pennsylvania courts. In *Blenko v. Schmeltz*, 362 Pa. 365, 67 A.2d 99, 102 n.1 (1949), the court stated that

> [M]embership of such an association after it has been acquired in pursuance of the constitution, is a matter which is in itself legal property ...; the right of membership in such an association is recognized in the courts of Pennsylvania as property
> ....

(quoting *Metropolitan Baseball Ass'n v. Simmons*, 17 Phila. 419 (1885)). While plaintiffs' loss of JWV rank or membership, and concomitant damage to reputation may be difficult to value, it appears to me to be far from legally certain that each plaintiff's interest in this proceeding cannot exceed $10,000.[3]

Accordingly, plaintiffs' motion to remand this case to the Court of Common pleas, Philadelphia County, Pennsylvania is denied.

---

**3.** Defendants also contend that plaintiffs' request for punitive damages may itself satisfy the requisite amount in controversy. Addressing this contention, I note that punitive damages may be considered in determining the sufficiency of the jurisdictional amount, *Dowling v. J. C. Penney*, 300 F.Supp. 307 (D.C.E.D.Pa 1969), unless the requested damages would not be recoverable under state law. *Rosenberg v. GWV Travel, Inc.* 480 F.Supp. 95 (D.C.S.D.N.Y. 1979). According to Pennsylvania law, punitive damages may not be recovered without a showing of actual damages, *Hilbert v. Roth*, 395 Pa. 270, 149 A.2d 648 (1959), and, if recovered, punitive damages must bear a reasonable relationship to the amount of actual damages. *Givens v. W. J. Gilmore Drug Co.*, 337 Pa. 278, 10 A.2d 12 (1940). Because plaintiffs have alleged actual reputational damage, defendants' contention may conceivably have merit. However, I have found that plaintiffs' interests in this proceeding satisfy the jurisdictional amount requirement without relying upon their respective claims for punitive damages.